## THE GERMAN FIRE INSURANCE COMPANY

*v.*

### WILHELMINA GUECK *et al.*

*Filed at Springfield October 31, 1889.*

1. MISTAKE—*in policy of insurance—reformed in equity.* If the contracting parties to a policy of insurance make a mistake in the description of the premises insured, or in the names of the insured, a court of equity, upon proper proof, may reform the contract and correct the mistake.

2. INSURANCE—*waiver of proof of loss.* Proof of loss under a policy of insurance is waived by the company placing its refusal to pay solely on the ground that the insured has no title or insurable interest in the property insured.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Calhoun county; the Hon. CYRUS EPLER, Judge, presiding.

This was a bill in equity, brought to reform a policy of insurance issued by the German Fire Insurance Company to one Fred Gueck, on the ground it purports to insure his interest in certain property, when it should have insured the interest of the complainants, whose agent they claim Fred Gueck was, and on the further ground that a mistake was made in the description of the land on which the building was erected. The bill also seeks to enforce payment of the policy after it shall be reformed. The relief sought is resisted mainly on two grounds: First, there is no case made by the pleadings or evidence entitling complainants to a decree to reform the policy; and second, if such a case were made, the evidence fails to show the complainants are entitled to a decree enforcing payment. On the hearing in the circuit court, on the pleadings and evidence, a decree was rendered in favor of the complainants, which, on appeal, was affirmed in the Appellate Court.

Upon looking into the evidence, it appears that Christian Fiedler died intestate on the 23d day of November, 1869; that he left a widow, Wilhelmina, and Henry, William, Christian, Johanna and Charles Fiedler, and Louisa Simon and Rachel Bode, as his heirs-at-law. Fiedler died seized of the northwest quarter of section 20, township 11, south, range 2, west, in Calhoun county. The widow was appointed administratrix of his estate. She testified, that the house on the place, when her husband died, was "not fit to live in," "and the county court gave her permission to build a new one, which she did, at a cost of $2200." The testimony shows that the widow employed Morris Fisher to build the house. He commenced the work in the fall of 1870, and finished the job in the spring of 1871. In the meantime, on January 6, 1871, the widow was married to Fred Gueck. Fisher was agent of the insurance company, and while building the house he had a conversation with Gueck and his wife in regard to insuring the property. On the 14th day of October, 1872, Gueck called on Fisher and informed him that his wife had concluded to insure the house for $1400. Fisher filled out an application. It was not read to Gueck or any of the parties interested. The first policy was then made out, and taken by Gueck to complainants. About five years afterwards another policy was issued, in renewal of the first, by the company. On or about October 13, 1882, a third policy was issued by the company, in the same amount, for five years, and while it (policy No. 209,025) was in full force and effect, to-wit, on or about October 15, 1886, the house burned down, and became a total loss.

All the applications are in the handwriting of Morris Fisher, the agent of the company, and are signed, "Fredrich Gueck" and "Fred Gueck," respectively. Gueck never knew what the applications contained. He and Mrs. Gueck left all this business to Fisher, relying on him to have all the papers in proper form. The third, dated October 18, 1882, on which the policy No. 209,025 was issued, is the foundation of this suit. The

land is incorrectly described as being in section 5, instead of section 20, as before,—township and range being right. The following question as to title appears: "*5. Title.*—Have you fee simple title?"—"Good."—"If not, what kind of title have you?"—to which there is no answer.

The policies were all issued to Fred Gueck, although he had no interest in the property insured, and after the loss the company refused to pay, on the ground that he had no interest in the property, predicating its refusal upon the following clause in the policy: "In case the interest of the assured in said property is not the sole, absolute and unincumbered ownership thereof, both at law and in equity, this company shall not be liable to pay to the assured, by virtue of this policy, any sum exceeding the actual cash value of the interest of the assured at the time of the loss."

Messrs. WILDERMAN & HAMILL, for the appellant:

The party alleging a mistake must show exactly in what it consists, and the evidence must be clear and satisfactory. *Hearn* v. *Insurance Co.* 20 Wall. 488; *Sutherland* v. *Sutherland*, 69 Ill. 488; *Emery* v. *Mohler*, id. 221; *Mead* v. *Insurance Co.* 64 N. Y. 456; *Ford* v. *Joyce*, 78 id. 618; May on Insurance, sec. 566; Kerr on Fraud and Mistake, 409, 421, 422; 1 Story's Eq. Jur. secs. 152, 157.

It must be alleged and proved that the mistake was mutual, —that is, the mistake of both parties,—that both parties have done what neither intended. A mistake on one side may be ground for rescinding, but not for reforming, a contract. Where the minds of the parties have not met, there is no contract to be rectified. May on Insurance, sec. 566, and note; Kerr on Fraud and Mistake, 409, 421, 422; Pomeroy on Contracts, sec. 251; *Hearn* v. *Insurance Co.* 20 Wall. 488; *Sutherland* v. *Sutherland*, 69 Ill. 488; *Emery* v. *Mohler*, id 221; *Bishop* v. *Insurance Co.* 49 Conn. 167; *Mead* v. *Insurance Co.* 64 N. Y. 456; *Wilson* v. *Byers*, 77 Ill. 80.

Where parties neglect to acquaint themselves with the terms of the instruments, although they have them in their possession for years, or where, having full and particular knowledge of the facts, they do not acquaint the other party of their existence, but lead such other party to infer the existence of a state of facts differing from the true state, relief can not be granted to the party so negligent where he does not show fraud or overreaching. *Bishop* v. *Insurance Co.* 49 Conn. 167; *Belt* v. *Mehlen,* 2 Cal. 159; *Graves* v. *Insurance Co.* 2 Cranch, 419; *McDaniels* v. *Bank of Rutland,* 29 Vt. 230; *Kinnerty* v. *Phosphate Co.* 21 S. C. 226; *Robertson* v. *Smith,* 11 Texas, 211.

There is no pretense that proofs of loss were furnished, and this, unless waived, is a bar to the relief sought. 4 Wait's Actions and Defenses, 78; May on Insurance, secs. 460, 465; *Insurance Co.* v. *School Directors,* 4 Bradw. 145; *O'Reilly* v. *Insurance Co.* 60 N. Y. 169.

But there is no evidence of a waiver of the proofs of loss in this case. There was no general or other denial by the company of liability. The policy declares, in express terms, "no act or omission of the company, or any of its officers or agents, shall be deemed, construed or held a waiver of the foregoing provisions of the terms and conditions of this policy, nor any extension of time, etc., except it be a waiver or extension in express terms and in writing, signed by the president or secretary of the company," and the adjuster, by his letter of January 13, 1887, expressly declared the company had not waived the proofs, but then called for them. Therefore, the statement of Fisher, that the adjuster would come and adjust the loss, was not a waiver. May on Insurance, sec. 471; *Insurance Co.* v. *School Directors,* 4 Bradw. 145; *Insurance Co.* v. *Conover,* 98 Pa. St. 384; *Walsh* v. *Insurance Co.* 73 N. Y. 5; *Van Allen* v. *Insurance Co.* 64 id. 469; *Marvin* v. *Insurance Co.* 85 id. 278; 39 Am. Rep. 657; *Steen* v. *Insurance Co.* 89 N. Y. 315.

Messrs. PINERO & SELBY, for the appellees:

Equity interferes in cases of written agreements, where there has been an innocent omission, or insertion of a material stipulation contrary to the intention of the parties. *Stone* v. *Hale*, 52 Am. Dec. 187.

Mistakes in contracts may be shown by parol. *Gillespie* v. *Moon*, 7 Am. Dec. 563.

In law, the written instrument contains the true agreement of parties. But equity has a broader jurisdiction, and will open the written contract to let in an equity arising from facts perfectly distinct from the sense and construction of the instrument itself. *Gillespie* v. *Moon*, 7 Am. Dec. 562.

Equity will relieve in case of mistake in drawing a life policy. (*Parsons* v. *Hosmer*, 1 Am. Dec. 58.) Yet if the company led the assured into a mistake which would operate as a fraud on his rights, if he were thereby deprived of the benefits intended by the policy, and the complainant being, by such mistake, deprived of his remedy at law, we think he has a right to resort to a court in chancery for relief. *Harris* v. *Insurance Co.* 51 Am. Dec. 449.

A contract made under a mistake, or in ignorance of a material fact, is relievable in equity. *Miles* v. *Stevens*, 45 Am. Dec. 634, and cases quoted therein.

Equity will relieve against mistake at law in drawing an instrument, so as to make it conform to the plain intention of the parties. *Evarts* v. *Strode's Admrs.* 38 Am. Dec. 744; *Norris* v. *Insurance Co.* 2 id. 365.

The company's refusal to pay obviates proof of loss. *Pennell* v. *Insurance Co.* 73 Ill. 303; *Insurance Co.* v. *Cary*, 83 id. 457; *Insurance Co.* v. *Whitehill*, 25 id. 470; *Insurance Co.* v. *Maguire*, 51 id. 342.

If the proof was insufficient, all irregularities were waived by failing to point out the objections. *Insurance Co.* v. *Dunmore*, 75 Ill. 16; *Insurance Co.* v. *Schueller*, 60 id. 465; *Insur-*

*ance Co.* v. *Harmer*, 59 Am. Dec. 685; *Insurance Co.* v. *Lewis,* 18 Ill. 560; *Insurance Co.* v. *Rogers*, 119 id. 487.

Notice to agent is notice to the company. *Insurance Co.* v. *Wells*, 89 Ill. 82.

The adjuster refusing to pay on account that the property was not in the name of the owner in the policy, would estop the company from demanding proofs. *Grange Mill Co.* v. *Western Association Co.* 118 Ill. 401.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

If the contracting parties to a policy of insurance make a mistake in the description of the premises, or in the names of the insured, a court of equity, upon proper proof, has jurisdiction to reform the contract and correct the mistake, as held in *Keith* v. *Globe Ins. Co.* 52 Ill. 518, and *Home Ins. Co. of Texas* v. *Myer*, 93 id. 271. Here, the land upon which the house was located was described as being in section 5, instead of section 20. The parties never owned or pretended to own land in section 5, and had no intention of insuring a house in that section. The intention of Fisher, the agent of the insurance company, and the intention of Gueck, who was acting for the complainants, was to insure the house which Fisher had erected in section 20 for Mrs. Wilhelmina Gueck, and the evidence leaves no room for doubt, that by mutual mistake section 5 was written in the policy, when the intention was to write section 20 therein.

As respects the other question,—that the policy was issued to Fred Gueck when the intention was to issue it to and in the name of the complainants,—we think this finding in the decree may be regarded as sustained by the evidence. Gueck had no interest in the property insured, and never claimed any interest therein. What reason could he have for taking a policy in his own name when he had no insurable interest in the property? Moreover, he testified that he transacted the business for the complainants; that he never read the policies,

but intrusted the whole matter to Fisher, the agent, to make out the policies correctly. The widow testified that she could not read English, and could read but little German; that her husband brought the policies home and put them in a drawer. She supposed they were all right, and never read them. Fisher says that he understood, from the conversation with Gueck, that he owned the property; but in view of the other facts disclosed by the record, he is entirely mistaken. He built the house for the widow and heirs, and at the time knew they owned the property. Moreover, he was assessor of the county, and assessed the land upon which the house was built as property belonging to the estate of Fiedler. From these facts, he could not be mistaken in regard to the ownership of the property. It may be conceded that a court of equity might not interpose to correct a mistake unless the mistake was a mutual one, emanating from both the contracting parties; but upon giving due weight to all the evidence, we are inclined to hold that the court was justified in finding that the policy, by mistake of the parties, misdescribed the premises upon which the house insured was erected, and in finding that the policy was issued in the name of Gueck by mistake.

It is also claimed that the decree was erroneous on the ground that the insured failed to make proof of loss. There was no question here in regard to the value of the property destroyed, nor in reference to the loss being an honest one. Indeed, the only ground upon which the company predicated its refusal to pay the loss was, that Gueck, in whose name the policy issued, had no interest in the property insured. This case falls clearly within the ruling in *Grange Mill Co.* v. *Western Assurance Co.* 118 Ill. 396, where it was held, proof of loss under a policy of insurance is waived when the company places its refusal to pay solely on the ground that the assured had no title or insurable interest in the property destroyed.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*