THE HOME INSURANCE COMPANY OF NEW YORK

v.

T. BETHEL *et al.*

*Filed at Springfield November 2, 1892.*

1. INSURANCE — *of the change of title to the property — contract of sale.* A party holding a policy of insurance, which provided that if any change should take place in the title or possession, except by succession or death, the same should become void, contracted to sell the property to a third person, without leave of the company, for the price of $275, of which $175 was paid and a note given for $100, due in forty days after date. The possession was not changed, and the note and bond for a deed were placed in the hands of another person, with instructions to deliver the bond to the purchaser on payment of the note, but if he failed to pay, the bond was to be returned to the vendor. The note was never paid, and the premises were destroyed before the maturity of the note: *Held,* that the facts stated did not constitute a change of the title to the property, and therefore would not defeat a recovery on the policy.

2. Although the assured may have contracted for the sale of the premises insured without the written consent of the insurer before a loss, this will not necessarily render the policy void. Unless the title of the assured had passed to the purchaser at the time of the fire, there will be no change of title. A mere executory contract, by force of which it might pass at some future time, will not of itself constitute a change of title.

3. SAME — *breach of condition — a question of law and fact.* Where a policy of insurance against loss by fire contains a condition that in case any change shall take place in the title or possession, except by succession or by reason of the death of the owner of the property, without the written consent of the company indorsed thereon, it shall be null and void, a contention of a breach of condition presents a mixed question of law and of fact.

4. SAME — *waiver of requirements of policy.* A policy of insurance required notice of a loss to be given, under oath, within sixty days after the loss. Within sixty days an adjuster of the insurance company made out the statements of the loss from information derived from the assured, but this was not signed or sworn to by the assured. He left the same with the local agent thus incomplete, promising to get a decision from the company within a few days: *Held,* that evidence of these facts tended to show a waiver by the company of the production of proofs of loss. Whether such waiver is proved is a question of fact.

5. PRACTICE—*trial without a jury — preserving questions of law.* In an action upon a policy of insurance, where the trial is had before the court without a jury, if the defendant wishes to raise the question whether a transaction constitutes an incumbrance on the property within the meaning of a condition therein, he should submit to the court a proposition presenting the question. Without this course the trial court is not called upon to rule on that question, at least in such form as to preserve its rulings in the record for review.

6. The rule is well settled that in suits at law where a jury is waived and a trial is had before the court, and there are no rulings as to the admission of evidence to which exception is taken, and no propositions are submitted to be held as the law in the decision of the case, as provided by section 41 of the Practice act, no questions of law are so preserved in the record as to be reviewed in this court.

7. SAME—*refusing proposition of law embodied in other propositions marked "held."* There is no error in the court refusing to mark "held" a proposition of law on a trial without a jury, where the rule therein contended for is fully embodied in the propositions which were adopted and marked "held" by the court.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. LANE & COOPER, for the appellant:

If Mrs. Roth, the owner of the policy, forfeited the same by any violation of the conditions of the policy which proved fatal to her right to recover, Davis, the appointee, can have absolutely no right of recovery. *Loring* v. *Insurance Co.* 8 Gray, 28; *Hale* v. *Insurance Co.* 6 id. 169; *Grovener* v. *Insurance Co.* 17 N. Y. 391; *Insurance Co.* v. *Roberts*, 31 Pa. St. 438; *Steam Engine Works* v. *Insurance Co.* 17 N. Y. 401; *Purpke* v. *Insurance Co.* 17 Wis. 378; *Chisholm* v. *Insurance Co.* 20 U. C. C. P. 11; *Insurance Co.* v. *Fix*, 53 Ill. 151; *Germond* v. *Insurance Co.* 5.Thomp. 120; 2 Hun. 540.

There is no proof of the service of notice of the loss, and the question whether the preliminary proof has been waived is one of law, for the court. As to the waiver of such proof, see *Insurance Co.* v. *School Directors*, 4 Bradw. 148; *Dickin-*

*son Co.* v. *Insurance Co.* 41 Iowa, 286; Wood on Insurance, secs. 396, 399; *Edgerly* v. *Insurance Co.* 43 Iowa, 587.

Mrs. Roth, by her denial of any interest, is estopped from now claiming any interest. *Leeper* v. *Hersman*, 58 Ill. 218; *People* v. *Brown*, 67 id. 437; *Talcott* v. *Brackett*, 5 Bradw. 61.

Under the policy, the execution of a mortgage upon the property by the assured would be a violation of the contract, and would render the policy void. *Edmunds* v. *Insurance Co.* 1 Allen, 311; Wood on Insurance, sec. 324; *Hutchins* v. *Insurance Co.* 11 Ohio St. 477.

As to condition against change of title or possession, see *Insurance Co.* v. *Allen*, 43 N. Y. 389; *Dix* v. *Insurance Co.* 22 Ill. 272; Wood on Insurance, sec. 334; *Jackson* v. *Insurance Co.* 23 Pick. 418; *Insurance Co* v. *Hauslein*, 60 Ill. 521; *Rice* v. *Turner*, 1 Gray, 426; *Young* v. *Insurance Co.* 14 id. 150; *Dadman Manf. Co.* v. *Insurance Co.* 11 Metc. 429; *Keeler* v. *Insurance Co.* 16 Wis. 523; *Brunswick Institution* v. *Insurance Co.* 68 Me. 313; *Insurance Co.* v. *Ross*, 23 Ind. 179; *Lewis* v. *Insurance Co.* id. 445; *Abbott* v. *Insurance Co.* 30 Me. 414; *Pollard* v. *Insurance Co.* 42 id. 221; *Buker* v. *Insurance Co.* 18 Mo. 128; *Mt. Vernon Co.* v. *Insurance Co.* 10 Ohio St. 347.

Messrs. McWilliams & Son, for the appellees:

In the case of *German Fire Ins. Co.* v. *Gueck*, 130 Ill. 345, where the policy declares, in express terms, "no act or omission of the company or any of its officers or agents shall be deemed, construed or held a waiver of the foregoing provisions of the terms and conditions of the policy, nor any extension of time, etc., except it be a waiver or extension in express terms and in writing, signed by the president or secretary of the company," the court held that proof of loss under a policy of insurance is waived when the company places its refusal to pay solely on the ground that the assured had no title or insurable interest in the property destroyed.   And see 50 Ill. 120; 34 Wis. 364; 14 Blatch. 422; 49 Wis. 71; 58

Ill. 75; 17 Blatch. 527; 60 Ill. 45; 40 Conn. 56; 92 Ill. 64; 62 Ga. 187; 50 Miss. 662; 26 Gratt. 854; 6 Biss. 121; 75 Ill. 14; 32 Gratt. 613; 83 Ill. 453; 88 Pa. 230.

The proposition is too plain for argument that an estoppel can never arise unless it works an injury, and the injury arising from the commencement of a suit, alone, is too incorporeal to constitute an estoppel.

The declarations of Mrs. Roth at the time proofs of loss were being made up, she not knowing her rights, are not conclusive on her or both the plaintiffs, and do not affect their right to recover. *Pitney* v. *Glens Falls*, 65 N. Y. 7; Woods on Insurance, p. 555, note 3, p. 556, note 2, sec. 266.

It will not be contended that anything affecting the title, occurring after the fire, can defeat a recovery.

There is no evidence of Lauer's compliance with his arrangement, that he ever took possession, or that he ever knew of the negotiation of his note, to which he would undoubtedly, under the evidence in this case, have a perfect defense.

Papers delivered in escrow did not amount to a sale, neither conditional or absolute. This proposition applies to the deed made by Barrett to Davis, and to Barrett's bond for a deed delivered to Potts by Mrs. Roth. The most that can be said about either of these papers is, that they were delivered in escrow, and if so, they do not imperil the right of recovery. 2 Wood on Insurance, sec. 327.

Concerning the effect of agreements to sell on insurance, see *Perry Co.* v. *Stewart*, 19 Pa. St. 4; *Insurance Co.* v. *Graybill*, 74 id. 17; 9 Am. State Rep. 607; 5 Fire Ins. Cases, 527; 3 id. 339, 399; 2 id. 9, 289; 1 id. 81; 5 U. S. Digest, p. 203, secs. 13, 14, supplement; id. 433, sec. 3.

M. agreed to convey the premises insured, which conveyance was executed after the fire: *Held*, that M. was entitled to recover for the loss. 11 Leigh, 354.

A contract of sale without delivery of possession or of title, and with only a part of the price paid, is not a sale within

the meaning of a policy providing that the same shall be void if the property shall be sold or conveyed. There must be a passage of the right to the property and to the possession. 34 Md. 280.

An executory contract of sale without change of possession does not constitute a transfer or change of title. 71 N. Y. 508.

An agreement by the insured to convey the premises insured at a future date, on payment of the purchase money, is not such an alienation as to defeat a policy where loss occurs after the agreement and before the conveyance, and the insured remains in possession of the property. 12 Ohio, 305. To the same effect are 11 Barb. 624; 61 id. 335; 19 Pa. St. 45; 59 id. 474; 16 B. Mon. 242; 5 Bosw. 247; 69 N. Y. 6.

For a full discussion of the subject we beg to refer to Bates' Digest of Fire Insurance Decisions, vols. 1 and 2, (3d ed.,) under head "Alienation."

Mr. CHIEF JUSTICE BAILEY delivered the opinion of the Court:

This was an action of assumpsit, brought by T. Bethel and Mary A. Roth, for the use of David Davis, against the Home Insurance Company of New York, to recover the amount of a loss on a policy of insurance against fire. The declaration consisted of a special count on said policy and the common *indebitatus assumpsit* counts, to which the defendant pleaded *non assumpsit* and also a special plea setting up a breach by the assured of a condition of the policy which provided that said policy should be void, in case any change should take place in the title or possession of the property insured, without the written consent of said company. Issues of fact were joined on these pleas, and a trial being had before the court, a jury being waived, the issues were found for the plaintiffs, and the plaintiffs' damages were assessed at $1042.28, and for that sum and costs the court, after denying the defendant's motion for a new trial, gave judgment in favor

·of the plaintiffs.    On appeal to the Appellate Court said judgment was affirmed, and the present appeal is from said judgment of affirmance.

It appears from the pleadings and proofs that, on the 25th day of July, 1885, John B. Barrett was the owner in fee of certain premises in Litchfield, Montgomery county, and of a dwelling-house, barn and sheds situate thereon.    On that day the defendant, in consideration of a certain premium, issued to Barrett its policy of insurance against loss or damage by fire and lightning, for the term of five years, to the amount of $1300, as follows:    $1000 on said dwelling-house, and $300 on said barn and sheds.    On the 4th day of September, 1888, Barrett entered into an executory contract with T. Bethel and Mary A. Roth, the plaintiffs, to sell and convey said premises to them for $1600, and of that sum the plaintiffs paid Barrett $500 in cash, and executed to him their two promissory notes for $550 each, one due in one year and the other in five years after date, and Barrett executed to the plaintiffs his bond, by which he covenanted to convey said premises to them when said notes should be paid.    Said policy was at the same time, with the written consent of the defendant endorsed thereon, assigned to the plaintiffs, and by a further endorsement, any loss thereunder was made payable to Barrett as his interest might appear.

The interest of Bethel in the contract of purchase appears to have been only nominal, and contingent upon conditions with which he never complied, but the defendant seems to have been fully advised of the nature of his interest, and no question is now raised in respect to it.    Upon the execution of said bond by Barrett, Mrs. Roth went into possession under it, and remained in exclusive possession until the destruction by fire of the buildings insured, which happened August 18, 1889.

On the 11th day of February, 1889, which was prior to the fire, Barrett sold and assigned said two promissory notes to

David Davis, and at the same time executed a warranty deed conveying said premises to him, such conveyance being made subject to Barrett's bond to the plaintiffs. By agreement between Barrett and Davis, said deed was not to be recorded in Barrett's lifetime, and it was further agreed that, if the notes were paid, Barrett should convey directly to the plaintiffs, but, in case of his death, Davis was to record the deed and make the conveyance himself. At the time of the execution of said deed to Davis, the defendant made a further indorsement on the policy, to the effect that the loss thereunder, if any, should be payable to Davis, as his interest might appear.

The evidence also tends to show that prior to the fire, and about July 22, 1889, Casper Lauer entered into a verbal contract with Mrs. Roth for the purchase of her interest in said premises for $275, and paid her $175 in cash, and executed to her his promissory note for $100, dated July 22, 1889, and due 40 days after date; that this note and the bond for a deed from Barrett to the plaintiffs were deposited with E. J. Potts with instructions to deliver the bond to Lauer if he paid the note, but if the note was not paid, the transaction was to be at an end, and Potts was to deliver the bond back to Mrs. Roth, the agreement being that the bond was not to be assigned until the note should be paid. The note was never paid but it and the bond were in the hands of Potts at the time of the fire, Mrs. Roth, during all that time remaining in possession of the property covered by the policy.

It is not claimed that there is any evidence tending to charge the defendant with notice of these transactions between Mrs. Roth, Lauer and Potts. Said note was produced by Potts at the trial, and at that time there appeared upon it the following indorsement: "I sign the within over without any recourse back on John Barrett. Mary A. Roth." The evidence as to when this indorsement was placed on the note is somewhat conflicting, there being evidence tending to show that it was written before the fire and on the day the note

bears date.    But there is evidence tending to show that after the fire, Barrett paid Mrs. Roth $75 for the note, and that she then placed said indorsement thereon.

One of the principal grounds of contention is, that the contract between Mrs. Roth and Lauer constituted such a change of title to the property insured as to render the policy void. The condition of the policy upon which this contention is based, omitting immaterial provisions, is as follows :    "It is stipulated and agreed that   *   *   *   if the property shall hereafter become mortgaged or incumbered,   *   *   *   or in case any change shall take place in the title or possession (except by succession or by reason of the death of the owner) of the property herein named,   *   *   *   without written consent hereon, then   *   *   *   this policy shall be null and void."

The contention that there was a breach by the plaintiffs of this condition of the policy presents a mixed question of law and of fact.    So far as it presents a question of fact, it is conclusively settled adversely to the insurance company by the judgment of the Appellate Court.    No complaint is made of any rulings of the court in the admission or rejection of evidence, and consequently the only mode in which the question is presented as a question of law, so as to be open for consideration here, is by exceptions to the rulings of the trial court upon the written propositions submitted on behalf of the insurance company to be held as the law in the decision of the case.    But as we understand the argument of counsel, no fault is found with the rulings of the court in that respect, nor can we well see how there could be, as the propositions submitted embodying the law on this question were held by the court, but the issue was decided adversely to the insurance company because, in the opinion of the court, the evidence failed to show any change of title within the meaning of the condition of the policy.    Among the propositions so held were the following :

"If any change in the title of the premises insured occurred without the knowledge or consent of the defendant to such change, then the plaintiff can not recover.

"If the evidence shows that the assured, T. Bethel and Mary A. Roth, after they had purchased the premises insured from John B. Barrett, and the defendant had consented to such purchase and transfer, and before the loss occurred, caused or suffered any change to take place in the title or possession of said premises, without the knowledge or consent of the defendant being first endorsed on said policy, as in and by said policy provided, then such change renders such policy void, and no recovery can be had thereon in this case.

"If the title or possession of the assured, Mary A. Roth, in the assured premises, was not the same at the time the loss occurred as when the insured purchased said property and when the defendant consented to the transfer from Barrett to them, then there can be no recovery for the plaintiff in this case, unless the evidence further shows that the defendant consented to such change of title or interest in said premises."

The court marked each of these propositions "Held," but added the memorandum that the evidence failed to show that any change had taken place either in the title or possession. It would seem therefore to follow as a necessary conclusion, that the error of the trial court, if one was committed, was an error of fact and not of law. The law was held as the defendant's counsel claims it should have been, and the only ground he has for complaint is, that the court misconstrued the evidence. Whether it did so or not is a mere question of fact which we are prohibited by the statute from considering.

It is true the defendant's counsel submitted the following proposition, which was rejected by the court:

"If the evidence shows that the policy sued on was issued to John B. Barrett, he sold the property insured to T. Bethel and Mary A. Roth, giving them bond for deed to such premises,

35—142 ILL.

and that defendant by endorsement slip attached to said policy consented to such transfer, and that said policy was assigned to said Bethel & Roth with loss if any, payable to said Barrett, and that the said Barrett afterwards deeded the said property to said David Davis, and that there was at the same time an endorsement on the policy making loss, if any, payable to said Davis, and that about August 1, 1889, said Mary A. Roth sold said bond, by contract, to one Casper Lauer for $275, he paying her $175 in cash, and at the time executed and delivered to her a note for $100, and the evidence further shows that the defendant had no knowledge of this sale, and did not consent to the same, this amounts to such a change of title of said premises as to render said policy void, and defeats the plaintiffs' right of recovery in this suit."

It will be readily seen that the rule of law contended for was fully embodied in the propositions which were adopted and marked "Held" by the court, and for that reason this proposition was properly rejected. An attempt is made, however, to recapitulate all the facts which the evidence tends to prove, bearing upon the question of a change of title, and to obtain a ruling by the court as to the legal result of such facts. But we are of the opinion that even in that view, the proposition was properly rejected. The only change of title upon which reliance is placed was the one which is claimed to have resulted from the contract between Mrs. Roth and Lauer, and the evidence tended to show that the sale contemplated by said contract was executory only, and that it did not have, and was not intended to have, the effect of transferring Mrs. Roth's equitable title to said premises to Lauer until the $100 note should be paid, but that until such payment, Mrs. Roth's title should remain in her, and that in the event of the non-payment of the note at maturity, the contract should be rescinded, leaving her title unaffected by it. At the date of the destruction of the property insured by fire, this note had not been paid, and the inference therefore fairly resulted from the evi-

dence that, at that time, Mrs. Roth's title remained in her and had not passed to Lauer. On this theory then no change of title had taken place at the time of the fire.

The hypothesis of the rejected proposition is, that Mrs. Roth had sold her bond for a deed, by contract, to Lauer, but no specification is made as to whether such contract was executed so as to have already transferred her title to him, or was merely executory, so as to contemplate the transfer of such title at some future time or upon the happening of some future event. Unless her title had passed to Lauer at the time of the fire, there had been no change of title within the meaning of the policy. A mere executory contract by force of which it might pass at some future time did not of itself constitute such change of title. We think therefore that there was no error in refusing to hold said proposition as the law.

But it is suggested that even if the contract with Lauer did not effect a change in the title, it constituted an incumbrance on the premises, and was therefore a breach of the other provision of said condition, that if the property insured should become mortgaged or incumbered, without the consent of the insurance company, the policy should be void. It is a sufficient answer to this suggestion to say, that no proposition that said contract constituted an incumbrance within the meaning of said condition was submitted to be held as the law, and the trial court was not called upon to rule on that question, at least in such form as to preserve its ruling in the record so as to be reviewable here.

It is also insisted that the judgment should be reversed because of the failure of the insured to comply with the condition of the policy in relation to preliminary proofs of loss. That condition required that the insured, within sixty days after the fire, should render, under oath, "a particular and detailed statement and proofs of the actual cash value, at the time of the loss, of any property or articles upon which loss or damage is claimed," and, when required by said company, submit

to an examination under oath, in regard to all questions relating to the claim, and shall subscribe the same.    It seems to be conceded that no proofs of the character contemplated by the policy were in fact executed or delivered by the insured to the insurance company, but the contention on the part of the insured is, that the production of such proofs was waived by the company.

The evidence tends to show that within sixty days after the fire, an adjuster of the insurance company called upon Mrs. Roth and Davis, and produced a blank form used by the company for making out proofs of loss ; that Mrs. Roth and Davis thereupon gave to him information as to all the facts necessary to be inserted in such proofs, and that he filled up the blank by inserting therein the statements thus given.    So far as the evidence tends to show, said proofs were filled up by said adjuster so as to be complete, except that it was not signed nor sworn to by the assured.    Said document was not fully completed because the printed form required a statement that no person other than Davis and Mrs. Roth had any interest in the property, and that statement Mrs. Roth, because of her transaction with Lauer, was unwilling to make.    The evidence tends to show that the adjuster was fully advised by Mrs. Roth of that transaction, and he testifies that she said that she had no interest whatever in the property ; that he then put the paper in his pocket and said he would send it to the company and have a decision in a few days, and that he left the proofs thus incomplete with the company's local agent, subject to its order.    Also, that the adjuster then asked Davis whether, in case the company passed upon, that is, allowed, the claim, he wanted the money at once at a discount or would wait sixty days.    The adjuster testifies that he based his refusal to pay said claim on the ground that Mrs. Roth had no insurable interest at the time of the fire.

There can be no doubt that this evidence tended to show a waiver by the company of production of proofs of loss.    *Ger-*

*man Ins. Co.* v. *Gueck,* 130 Ill. 345; *Grange Mill Co.* v. *West Ass. Co.* 118 id. 396; *Peoria Mar. & Fire Ins. Co.* v. *Whitehill,* 25 id. 470; *Williamsburg City Ins. Co.* v. *Cary,* 83 id. 453. Whether such waiver was proved is a question of fact which the Circuit Court decided in the affirmative, and that decision having been affirmed by the Appellate Court, the question is not open for reconsideration here.

No propositions in relation to the legal effect of the failure by the assured to produce preliminary proofs of loss, nor bearing upon the question of the alleged waiver of proofs were submitted to the court to be held as the law in the decision of the case, and therefore no questions of law relating to that branch of the case are preserved in such manner as to be reviewable here. The rule is well settled that in suits at law, where the jury is waived, and a trial is had before the court, and there are no rulings as to the admission of evidence to which exception is taken, and no propositions are submitted to be held as the law in the decision of the case, as provided by section 41 of the Practice Act, no questions of law are so preserved in the record as to be reviewed by this court on appeal from the Appellate Court. *Myers* v. *Union National Bank,* 128 Ill. 478; *McDonald* v. *Allen,* id. 521; *First National Bank of Michigan City* v. *Haskell,* 124 id. 587; *Mutual Aid Association* v. *Hall,* 118 id. 169; *Wrought Iron Bridge Co.* v. *Commissioners of Highways,* 101 id. 518.

The defendant further insists that Mrs. Roth, at the time her proofs of loss were being made out, stated to the defendant's agent, either in terms or in substance, that she sold the property insured before the loss occurred and had thereby changed the title or possession thereof, and had no interest therein, and that the defendant acting on such statement, in good faith, refused to pay the loss, and it is claimed that she was thereby estopped to set up a waiver by the defendant of proofs of loss. The evidence as to whether Mrs. Roth made said statement is conflicting. A proposition based upon the

hypothesis that she made such statement and that the defendant acted upon it in good faith and invoking the doctrine of estoppel was submitted to the court by the defendant to be held as the law, and the court marked said proposition "Held," but added thereto the memorandum that the evidence failed to show that she made any statement on that occasion admitting any change of either title or possession. It is manifest that the defendant can not so far as said question of estoppel is concerned, successfully assign error in this court. The proposition of law submitted was held, and therefore no error of law of which the defendant can complain was committed. The correctness of the decision of the court upon the evidence is conclusively settled by the judgment of the Appellate Court, and can not be reviewed here.

We find no error in the record which we have any power to consider or correct, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*