(96 App. Div. 8.)

### In re GENNERT'S ESTATE.

(Supreme Court, Appellate Division, First Department.   June 29, 1904.)

1. ADMINISTRATION—ANCILLARY LETTERS—SOLVENCY OF ESTATE—NONRESIDENT APPLICANT.

Code Civ. Proc. § 2698, requires that citation must issue to all resident creditors before ancillary letters of administration can be granted. Section 2699 provides that on the return of the citation the surrogate must ascertain as nearly as possible the amount of debts due or claimed to be due from the testator to residents of the state, and, before ancillary letters are issued, the person to whom they are awarded must give bond, which may, in the discretion of the surrogate, be limited to such a sum as will effectually secure the payment of the claims of resident creditors. By section 2701 discretionary power is vested in the surrogate to direct the payment, out of moneys received in this state by an ancillary administrator, of such debts as the testator owed to the persons residing in the state. *Held,* as these provisions indicate that the main object of granting ancillary letters of administration is to protect the rights of creditors residing in this state, such letters should not be issued where the person applying for them and the deceased were both nonresidents, there are no resident creditors, no personal property is situated within the state, and the estate is solvent.

2. SAME.

Code Civ. Proc. § 2695, providing that where a will of personal property, made by a person who resided within the state at the time of the execution thereof or at the time of his death, has been admitted to probate where it was executed, or where the decedent resided at the time of his death, the Surrogate's Court having jurisdiction of the estate must, upon application made as prescribed in article 7, c. 18, tit. 3, accompanied by a copy of the will and of the foreign letters, if any have been issued, record the will and foreign letters and issue ancillary letters, when read in connection with other sections relating to ancillary letters, gives the Surrogate's Court jurisdiction to issue such letters only upon petition of the person to whom letters have been issued in another state, or else on the petition of a creditor residing in this state.

Appeal from Surrogate's Court, New York County.

Application by one Wuestner for letters of administration with the will annexed on the estate of Gottlieb Gennert, deceased. From a decree granting the application, the executors named in the will appeal.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Charles K. Beekman, for appellants.
C. Ewald Menzel, for respondent.

McLAUGHLIN, J.   On the 5th of March, 1901, Gottlieb Gennert died in the state of New Jersey, of which he then was, and for many years prior thereto had been, a resident.   He left a last will and testament, which was admitted to probate by the surrogate of the county of Hudson, in the state of New Jersey, on the 29th of March, 1901, and letters testamentary issued to the executors therein named, who have since and now are acting as such. · On the 29th of December, 1903, one Wuestner, then a resident of the state of New Jersey, presented a petition to the Surrogate's Court of the county of New York, praying for a decree awarding letters

of administration with the will annexed to him, or to such other person or persons having prior right thereto, and that a citation be issued to persons having a prior right, including the public administrator of the county of New York, to show cause why such a decree should not be made. A citation was issued to the necessary parties, on the return of which the executors named in the will appeared, and objected to the granting of such letters, upon the ground, among others, that it appeared from the petition and answer thereto that the surrogate of the county of New York did not have jurisdiction to grant the same. The objection was overruled, and a decree entered that, unless the executors named in the will, or some one of them, within 20 days from the entry of the decree, took out ancillary letters testamentary upon the estate of the deceased, then and in that event the application of the petitioner was granted, and ancillary letters of administration with the will annexed should thereupon issue to him, or to some other suitable and proper person, as the surrogate might then designate.

It is from this decree that the executors have appealed. They assert that the decree is invalid principally upon the ground that upon the conceded facts the Surrogate's Court did not have jurisdiction of the subject-matter, and therefore had no power to make the decree. The conceded facts are that the testator was a resident of New Jersey, and died in that state; that his will has been there probated, and letters testamentary issued to the executors, all of whom reside therein; that the petitioner is now, and ever since the death of the testator has been, a resident of that state; that there are no creditors of the estate of the deceased residing in the state of New York, and there is now no personal property within such state; that the estate is solvent. In connection with these facts, it however appears from the petition that the testator left real estate in the state of New York, which was disposed of by his will, and at the time of his death had personal property therein; that the petitioner is a creditor of the estate in a considerable amount. This latter fact, however, is denied by the answer, and in connection therewith it is asserted that in January, 1892, the petitioner commenced an action in the Supreme Court of the state of New York against the deceased for an accounting, which action was never brought to trial, but was pending at the time the testator died; that in 1897 he recovered a judgment against the petitioner in the Chancery Court of the state of New Jersey for $6,701.30, which, with interest thereon, now amounts to upwards of $9,000, no part of which has been paid; that in pursuance of the laws of the state of New Jersey the executors have duly advertised for claims against the estate represented by them, and that no claim has been filed by the petitioner, although the time in which to do so expired over two years ago; also that the petitioner has no valid claim against said estate, nor are there any creditors of it.

It is unnecessary at this time to determine whether the Surrogate's Court had jurisdiction to issue ancillary letters or letters of administration with the will annexed, because, if it did, such jurisdiction ought not, upon the facts presented, to have been exercised.

The petitioner, as well as the executors, reside in New Jersey. All of the personal property of the decedent is in that state, and it is conceded that the estate is solvent. Under such circumstances the petitioner should resort to the courts of that state to enforce his claim. The Supreme Court has many times refused to entertain jurisdiction in certain cases between nonresidents, and has condemned the practice of importing such litigation into this jurisdiction. In Robinson v. Oceanic Steam Nav. Co., 112 N. Y. 315, 19 N. E. 625, 2 L. R. A. 636, the court, referring to this subject, said:

"The discrimination between resident and nonresident plaintiffs is probably based upon reasons of public policy that our courts should not be vexed with litigation between nonresident parties over causes of action which arose outside of our territorial limits. Every rule of comity and of natural justice and of convenience is satisfied by giving redress in our courts to nonresident litigants when the cause of action arose or the subject-matter of the litigation is situated within this state."

This case was cited with approval in Hoes v. N. Y., N. H. & H. R. R. Co., 173 N. Y. 435, 66 N. E. 119, where the court strongly reprobated a device by which it was sought to acquire jurisdiction over a foreign corporation by bringing personal property of an intestate into this state, and then applying for letters of administration upon the ground that there was personal property within the state. In Collard v. Beach, 81 App. Div. 582, 81 N. Y. Supp. 619, this court held that it would not retain jurisdiction of an action brought by a resident of the state of Connecticut against another resident of that state upon a cause of action arising therein to recover damages for personal injuries sustained by plaintiff through the alleged negligence of the defendant, unless special facts and circumstances were shown to exist which required such retention. And in Ferguson v. Neilson (Sup.) 11 N. Y. Supp. 524, Van Brunt, P. J., said that it was against the settled policy of the state to permit our courts to be used by nonresidents for the redress of personal injuries received in the state of their domicile.

I am of the opinion that the practice which prevails in the Supreme Court as to its exercising jurisdiction in certain cases between nonresidents should prevail in the Surrogate's Court, where claims are made against an estate all the personal property of which is in another state, in which the claimant as well as the executors reside. It is true there is real estate in the state of New York, but this cannot be reached for the payment of debts unless the personal property is insufficient for that purpose. The chief object of the provisions of the Code of Civil Procedure as to ancillary letters of administration of estates is to preserve and protect the claims of creditors residing in this state. This is apparent when certain sections are considered. Thus section 2698 requires that a citation must issue to all such creditors before ancillary letters can be granted. Section 2699 provides that upon the return of the citation the surrogate must ascertain as nearly as he can do so the amount of debts due or claimed to be due from the testator to residents of the state, and, before ancillary letters are issued, the person to whom they are awarded must qualify by giving a bond, which may,

in the discretion of the surrogate, be limited to such a sum, not exceeding twice the amount which appears to be due from the decedent to the residents of the state, as will effectually secure the payment of these debts; and the only authority which is expressly given to a surrogate to direct any other disposition of funds in the hands of one holding ancillary letters than the transmission of the same to the state, territory, or country where the principal letters were granted, to be disposed of pursuant to the laws thereof, is section 2701. There discretionary power is vested in the Surrogate's Court to direct the payment, out of moneys received in this state, of such debts as the testator owed to persons residing in the state. Considering, therefore, the object sought to be accomplished by the provisions of the Code of Civil Procedure relating to ancillary letters of administration, in connection with the fact that the testator at the time of his death lived in New Jersey, that his executors and this petitioner now live there, that the estate is solvent, and all the personal property is now in that state, I am of the opinion the surrogate should have refused to entertain jurisdiction.

The sections of the Code of Civil Procedure (sections 2643 and 2695) cited in the memorandum of the surrogate as authority for granting the letters have no application, and do not give a surrogate jurisdiction to grant ancillary letters of administration upon the petition of a claimant of an estate situated as this one is. Section 2643 provides that:

"If no person is named as executor in the will or selected by virtue of a power contained therein, or if at any time by reason of death, incompetency adjudged by the surrogate, renunciation * * * or revocation of letters there is no executor or administrator with the will annexed qualified to act, the surrogate must, upon the application of a creditor of the decedent or a person interested in the estate of the decedent, * * * issue letters of administration with the will annexed."

None of the conditions named in this section exist. Here all of the executors named in the will have qualified and are acting. Section 2695 simply provides that, where a will of personal property made by a person who resided out of the state at the time of the execution thereof, or at the time of his death, has been admitted to probate where it was executed, or where the decedent resided at the time of his death, the Surrogate's Court having jurisdiction of the estate must, upon an application made as prescribed in article 7 of chapter 18, tit. 3, accompanied by a copy of the will and of the foreign letters, if any have been issued, authenticated as prescribed in such article, record the will and foreign letters, and issue thereupon ancillary letters testamentary or ancillary letters of administration with the will annexed, as the occasion requires. When this section is read in connection with the other sections relating to ancillary letters, it is clear that the Surrogate's Court can obtain jurisdiction only upon the petition of the person to whom letters of administration or letters testamentary have been issued in another state, or else upon the petition of a creditor residing in this state. No provision is made by which jurisdiction can be invoked by a creditor residing in another state, and for that reason the decree

here, in any event, would have to be modified, inasmuch as it directs that "ancillary letters" issue to the petitioner. If the petitioner could obtain letters at all, it would be only by virtue of the jurisdiction conferred upon the surrogate under subdivision 4 of section 2476 of the Code of Civil Procedure, and this upon the ground that the decedent left real estate in the county of New York disposed of by his will. These would be principal, and not ancillary, letters. But this real estate, as already indicated, cannot be sold for the payment of debts until the personal property has been exhausted, and there is no proof but what there is sufficient personal property to pay all of the debts in full; indeed, it is admitted that the estate is solvent. It would seem, therefore, under this subdivision, to institute a proceeding for letters or to confer jurisdiction upon the surrogate to grant them something more would have to be set out in the petition than the bare statement that the decedent left real estate in the county where the application was made and the petitioner was a claimant residing in another state. But whether this be correct or not, I am of the opinion that upon the conceded facts the surrogate ought to have denied the petitioner's application.

It follows, therefore, that the decree appealed from must be reversed, with costs, and the application of the petitioner denied, with costs. All concur.