In the Matter of the Estate of ANNE B. FEENEY, Deceased.

Surrogate's Court, New York County, January 14, 1936.

*John J. Keogh*, for the petitioner.

*T. John McKee*, for the contestant.

*William D. Baer*, special guardian for infant.

DELEHANTY, S. Petitioner seeks probate of the alleged last will and testament of deceased. She asserts among other things that deceased at the time of her death was a resident of the county of

New York and also that she left personal property within the county of New York. An answer was filed by the husband of deceased objecting to the jurisdiction of this court and asserting that the proceedings should be dismissed on the ground that deceased was domiciled in New Jersey. He challenges the propounded paper as invalid. The issue of domicile has been tried. From the proof it appears that deceased had been born in New Jersey; that she married and lived there over twenty years with a first husband; that she accumulated very substantial real and personal property there; and that after her marriage to her present husband in New York she removed to New Jersey where she lived with him for a period of years in a home owned by her there. Some six months before the death of deceased she came to New York and lived with her sister here. She was ill and was not getting proper care in her home. The proof establishes beyond question that there was the bitterest sort of hostility between deceased's sisters and her husband. The testimony given by deceased's sisters is subject to very substantial discount because of their patent hostility to the husband of deceased. Even on the basis of their testimony there is nothing whatever to show a change of domicile on the part of deceased and except for the recital in the propounded paper that deceased is a resident of New York there would be nothing whatever to warrant even the smallest doubt that deceased always maintained her domicile in New Jersey.

There was marked in evidence a set of papers which were filed in the Court of Chancery in New Jersey during the lifetime of deceased. In that set of papers is included an affidavit of deceased made about three months after she left New Jersey and came to her sister's home. In it she says:

" 11. I do not intend to return to my home in Westfield, which is also mine, having been formerly owned by my deceased husband, until I am able to walk with greater ease than at the present time, and until my husband obtains steady employment and refrains from excessive drinking."

This declaration of deceased characterizes her act in leaving her home and negatives wholly any idea that she had taken up a new domicile in the State of New York. All of the factors which determine domicile compel the conclusion that her actual domicile was her domicile of origin and her matrimonial domicile and that such domicile continued to be and at the time of her death was the State of New Jersey.

It is apparent that the courts of the State of New Jersey already have before them substantial controversies concerning the property of deceased. These were initiated in the lifetime of deceased. That State is the State in which the real property of deceased is

located. In that State also are all the bank accounts of deceased except for a trivial sum of money in this county. In such circumstances this court ought not exercise any jurisdiction over this estate. Full and complete jurisdiction can and will be exercised in the State of New Jersey. Since this deceased is adjudged to be a non-resident of this State, the court in the exercise of its discretion declines to entertain jurisdiction and dismisses the petition (*Matter of Gennert*, 96 App. Div. 8; *Matter of Leonori*, 130 Misc. 499; *Matter of Wolf*, 144 id. 256).

Submit, on notice, decree accordingly.