In the Matter of the Petition of GRACE B. ROBINSON to Prove the Last Will and Testament of HELEN VALERIE MACKEAN, Also Known as HELEN VALERIE MCKEAN, Late of the County of Kings, Deceased. HERBERT MACKEAN and SYDNEY H. MACKEAN, Appellants; GRACE B. ROBINSON, as Executrix, etc., Named in the Last Will and Testament of HELEN VALERIE MACKEAN, etc., Deceased, Respondent.— Proceeding for the probate of a script as the will of a non-resident decedent in respect of personal property within the State. Resettled order of the Surrogate's Court, Kings County, adjudging that it will accept jurisdiction to grant letters testamentary reversed on the law and the facts, with costs to the appellants, and the petition dismissed, with costs to the appellants, all costs payable out of the estate. To entertain jurisdiction was an improvident exercise of discretion under the circumstances herein. The surrogate properly held that the decedent's domicile was in New Jersey, and that ruling is not made the subject of challenge. Exclusive of choses in action, there is no substantial tangible personal property of the decedent within the State of New York. There is no adequate reason revealed why the usual rule in respect of intangibles should not be applied, which is that for administrative purposes they have their situs at the domicile of the owner. (Conflict of Laws, 15 C. J. S. 928, § 18, subd. c; 11 Am. Jur. 384, § 97.) Assuming, however, that there was personal property of the decedent in this State, in the exercise of sound discretion jurisdiction should have been declined under the circumstances disclosed herein. (*Matter of Lamborn*, 168 Misc. 504; affd., 255 App. Div. 755; affd., 280 N. Y. 504; *Matter of Feeney*, 158 Misc. 246; Surr. Ct. Act, § 45, subd. 2.) Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

In the Matter of the Application of MAE SURGAN and EDWARD LARKIN, as Trustees under the Last Will and Testament of HYMAN SURGAN, Deceased, and BENJAMIN STRONGIN, for an Order Directing the WINTHROP & E. 51ST STREET CORPORATION to Make Available All Records and Data with Respect to Income and for an Order Directing the Payment of Surplus Income or Such Part Thereof as the Court May Determine to the Mortgagees; MAE SURGAN and EDWARD LARKIN, as Trustees under the Last Will and Testament of HYMAN SURGAN, Deceased, and BENJAMIN STRONGIN to Apply Toward the Reduction of Any Past Due Principal on the Second Mortgage Covering the Premises Located at the Southeast Corner of Winthrop Street & E. 51st Street, Brooklyn, New York, Owned by the Said Winthrop & E. 51st Street Corporation, Pursuant to the Provisions of Section 1077-c of the Civil Practice Act. WINTHROP & E. 51ST STREET CORPORATION, Appellant; MAE SURGAN amd EDWARD LARKIN, as Trustees under the Last Will and Testament of HYMAN SURGAN, Deceased, and BENJAMIN STRONGIN, Respondents.— In a proceeding instituted pursuant to section 1077-c of the Civil Practice Act, an order, dated October 3, 1939, was made granting respondents' application to direct the owner to make available for inspection by the mortgagees and by the court, all records and data available as to the income and disbursements for the mortgaged premises herein, for the six-month period preceding September 1st, 1938, and granting other relief, pursuant to section 1077-c. From that order the owner appeals. Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The order was contrary to law. (*Matter of Mortgage Corp.* v. *Menan Realty Corp.*, 258 App. Div. 429.) Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.