In the Matter of the Accounting of FRANCIS J. MULLIGAN, Public Administrator of New York County, as Ancillary Administrator C. T. A. of WILLIAM D. BATSHOLTS, Deceased.

Surrogate's Court, New York County, October 21, 1946.

*Debevoise, Stevenson, Plimpton & Page* for William H. Jacques, legatee.

*Sullivan & Cromwell* for Marcel Rehfous, domiciliary administrator.

*Joseph A. Cox* for Public Administrator of New York County, as ancillary administrator *c. t. a.*

DELEHANTY, S. The parties are agreed that deceased was an American citizen domiciled in Switzerland. On the day before his death he made a nuncupative will before witnesses in Geneva, Switzerland. A competent Swiss court certified the legatees and the extent of their inheritance on the faith of the will. The Public Administrator who had been acting as temporary administrator of the New York assets obtained ancillary letters of administration *c. t. a.* in March, 1945, on the basis of the Swiss record. The Public Administrator is accounting for his acts as ancillary administrator *c. t. a.* and proposes to pay over to the domiciliary representative.

A motion to stay the accounting proceeding is now made by a legatee claiming under an alleged prior written will made by deceased in 1935. The legatee resides in Massachusetts. He has taken legal action in Switzerland to invalidate the oral will. The stay is sought to permit a proceeding in this court to probate the written will or (if the oral will is invalidated in Switzerland and the written will probated there) to permit an application for ancillary letters based upon such Swiss probate.

The moving party claims (1) that the oral will is absolutely void and ineffective to pass title to deceased's assets in New York and that if the Public Administrator is allowed to transmit the assets to Switzerland this court will be deprived of jurisdiction in the matter and the moving party will be deprived of an opportunity to assert the ineffectiveness of the oral will; (2) that if the oral will is invalidated and the written will proved in this county the New York assets should be retained here for administration; (3) that if the oral will is invalidated and the 1935 will not admitted to probate the assets should be distributed to decedent's distributees under the jurisdiction of this court; (4) that the assets should not be transmitted to a representative whose status is under attack and the moving party should not be required to pursue his rights in a foreign country, and (5) that if the assets are removed from this jurisdiction there will be no basis for an application for probate of the written will in this county.

The principal argument of the moving party is premised upon section 22-a of the Decedent Estate Law which pertains to the validity of wills executed without the State, and section 23 of the same Law, which states what wills are entitled to probate. Section 22-a provides: " A will executed without this state in

the mode prescribed by the law, either of the place where executed or of the testator's domicile, shall be deemed to be legally executed, and shall be of the same force and effect as if executed in the mode prescribed by the laws of this state, *provided, such will is in writing and subscribed by the testator.*" (Emphasis added.) Section 23 says: " A will of real or personal property, executed as prescribed by the laws of the state, or a will of real or personal property executed without the state in the mode prescribed by the law, either of the place where executed or of the testator's domicile, *provided such will is in writing and subscribed by the testator,* may be admitted to probate in this state." (Emphasis added.)

The quoted texts apply to proceedings for original probate. The issuance of ancillary letters is controlled by section 159 of the Surrogate's Court Act. The requirements of that section were complied with (*Matter of Harwood,* 104 Misc. 653, affd. 188 App. Div. 918, affd. 227 N. Y. 607; *Matter of Curtiss,* 140 Misc. 185; *Matter of Warburg,* 129 Misc. 832). In the issuance of ancillary letters it is not necessary to establish that a foreign will was executed with the formalities required for an original probate in this State (*Matter of Langbein,* 1 Dem. 448; *Matter of Moran,* 180 Misc. 469). The domicile of deceased having been conceded the law of Switzerland governs (3 Beale on Conflict of Laws, § 469.1).

Since the law of deceased's domicile will apply to the disposition of his personalty there would be no reason why this court should concern itself with any controversy over his testamentary acts. Such controversies are properly remitted to the domiciliary jurisdiction (*Matter of Lamborn,* 168 Misc. 504, affd. 255 App. Div. 755, affd. 280 N. Y. 504; *Matter of MacKean,* 259 App. Div. 728; *Matter of Gennert,* 96 App. Div. 8; *Matter of Cornell* v. *Delehanty,* 173 Misc. 483; *Matter of Feeney,* 158 Misc. 246; *Matter of Wolf,* 144 Misc. 256; *Matter of Leonori,* 130 Misc. 499; 119 A. L. R. 491). While this court has concern for creditors resident here it has assurance that such creditors' rights have been protected through the temporary administration and the ancillary administration of the estate by the Public Administrator. There is no other interest in the estate with which this jurisdiction should concern itself. There is no occasion to stay the transmission of assets to the domicile at the instance of a nonresident who, if he has any rights at all, should establish them in the courts of the domicile.

The moving party interposed in this accounting proceeding by a voluntary appearance. It may be that on proper motion his appearance would have been stricken. In any case his motion for a stay is denied.

Submit, on notice, order accordingly.