Joseph A. Cox, S.
A resident creditor of a nonresident decedent applies for the issuance to her of ancillary letters testamentary. One of the executors moves to dismiss the proceeding for lack of jurisdiction.
Decedent died a resident of Indiana on November 7, 1959. His will was admitted to probate in that State on December 10, 1959 and letters testamentary issued to the Fiduciary Trust Co. of New York and Shirley Gr. Tripp.
It appears that the only asset of the decedent in this county at the time of his death was a small claim against a hospital which claim has since been taken over by the domiciliary executors. During the course of the administration of the estate certain assets have been distributed by the executors *154 to the Fiduciary Trust Co. as sole trustee. The Fiduciary Trust Co. as custodian executor has the remaining assets in its possession. The basis of that executor’s motion to dismiss the proceeding is that there are no unadministered assets in this county.
Under section 159 of the Surrogate’s Court Act, the Surrogate’s Court having jurisdiction must, upon application, issue ancillary letters testamentary. This court’s jurisdiction, if any, would be based upon subdivision 3 of section 45 of the Surrogate’s Court Act which reads in part as follows: “Where
the decedent, not being a resident of the state, died without the state, leaving personal property within that county, and no other; or leaving personal property which has since his death, come into that county, and no other, and remains unadministered ’ ’.
In Matter of Mumford (N. Y. L. J., Sept. 22, 1943, p. 636, col. 5) Surrogate Foley, in ruling in a contested accounting of an ancillary executrix, stated: ‘‘ The general purposes of ancillary administration under the law of our state are, first, the reduction to possession by the ancillary representative of assets located here; second, the protection of the rights of resident creditors by the satisfaction of their established debts out of the New York assets, and third, the transmission of the balance to the place of domiciliary administration (Wedemann v. U. S. Trust Co., 258 N. Y. 315, 319; Smith v. Second Nat. Bank, 169 N. Y. 467; Matter of Worch, 124 Misc. 380; Jessup-Redfield Surrogates’ Courts, 8th ed., p. 1025).”
It was stated in Matter of Rogers (225 App. Div. 286, 289) as follows: “ Ancillary administration in this State without assets presently here for administration would be mere brutum fulmen. (Cf. Matthews v. Matthews, 247 N. Y. 32.) ” The Rogers decision was affirmed in (254 N. Y. 592). In that case, the assets that were in New York State at the time of decedent’s death had properly been removed to New Jersey, the State of decedent’s domicile, and where his will had been probated and his executrices appointed. The appellate court reversed a decree granting ancillary letters testamentary upon application of a plaintiff in an action pending against the decedent at the time of his death. The executors herein have taken over the only asset which decedent had in this State at the time of his death so that basis for the issuance of ancillary letters no longer exists.
It appears to this court that the reasoning in Matter of McCabe (84 App. Div. 145, affd. 177 N. Y. 584) applies to the situation now presented and compels the denial of the applica *155 tion. Although original letters of administration were involved in that case the basis of the decision was that the alleged assets within the State were not “unadministered,” but were temporarily in this State, ‘ ‘ in the possession of a domiciliary administrator” appointed in Pennsylvania.
The instant case is distinguishable from Matter of Bobes (15 Misc 2d 530) where an application to revoke ancillary letters of administration e. t. a. obtained upon the application of a Spanish executor was denied. In that ease, the assets were brought into New York after testator’s death but were unadministered when the application for ancillary letters was made. The court stated (p. 534): “ The property was no longer in the possession or under the control of a domiciliary fiduciary; it was no longer possible for the estate representatives to get possession of the property except through ancillary proceedings; the domiciliary executors are the very ones who sought the issuance of ancillary letters. Hence we are not dealing here with property temporarily in the possession of the domiciliary executors, but rather with property in the possession of a third person who will not deliver it even to the estate representative without litigation. ’ ’
Despite the desire of the court to protect resident creditors, it feels constrained under the authorities to grant the motion to dismiss the petition for ancillary letters testamentary upon the ground of lack of jurisdiction due to the fact that there are no unadministered assets in this county.