John D. Bennett, J.
Petitioner, a New York resident-creditor of a nonresident decedent, requests the issuance of ancillary letters of administration to the Public Administrator pursuant to SCPA 1610 so as to enable him to bring suit on his claim against the decedent. The Florida executors oppose the application claiming: (1) decedent left no property within the State of New York; (2) petitioner has instituted two separate actions against them in Florida upon the same facts alleged in the petition; (3) that by an agreement between petitioner and Edwards & Hanley, a limited brokerage partnership, the latter assumed the decedent’s liability for payment of the petitioner’s claim; and (4) that the ancillary letters be issued to them instead of the Public Administrator in the event that the court finds a basis for ancillary administration.
Decedent died in Florida on November 6, 1974. Letters testamentary were issued to the respondent executors by the Circuit Court of Palm Beach County, Florida on November 8, 1974. In accordance with the Florida practice respondents published the statutory limitation on presentation of claims as provided by section 733.16 of the Florida Probate Code, now section 733.702, which provides as follows:
"(1) No claim or demand against the decedent’s estate that arose before the death of the decedent, including claims of the state and any of its subdivisions, whether due or not, direct or contingent, liquidated or unliquidated, and no claim for personal property in the possession of the personal representative or for damages, including, but not limited to, actions founded on fraud or other wrongful act or omission of the decedent, shall be binding on the estate, on the personal representative, or on any beneficiary, unless presented:
"(a) Within 3 months from the time of the first publication of the notice of administration, even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise. The personal *339 representative may settle in full any claim without the necessity of the claim being filed when the settlement has been approved by the beneficiaries adversely affected according to the priorities provided in this code and when the settlement is made within the statutory time for filing claims; or he may file a proof of claim of all claims he has paid or intends to pay.
"(b) Within 3 years after the decedent’s death, if notice of administration has not been published.”
The respondents’ defense that suit on the claim is barred by the above-quoted statute was raised for the first time in counsel’s affidavit in support of the answer. It would thus appear that if petitioner is relegated to enforcing his claim in Florida it would be time-barred in that State.
One of the primary purposes of ancillary administration is the protection of New York creditors (Matter of Gennert, 96 App Div 8; Wedemann v United States Trust Co., 258 NY 315, 319; Matter of Tripp, 29 Misc 2d 153, 155). Before ancillary administration can be granted it is necessary that there be assets within the State of New York. In the absence of such assets no ancillary administration will be granted (Matter of Rogers, 225 App Div 286, 289, affd 254 NY 592; Wedemann v United States Trust Co., supra; Matter of Tripp, supra).
In support of petitioner’s allegation that the decedent left property within the State of New York, petitioner’s counsel has submitted a photocopy of the estate inventory of assets and liabilities filed by the respondent-executors in the Florida probate court. Listed thereon are stocks of three closely-held corporations, all in the possession of Edwards & Hanley in the City of New York, which petitioner alleges are New York corporations. There is also listed as an asset decedent’s net interest in Edwards & Hanley, a limited partnership with a date of death value of $126,050.62 and New York State and New York City income tax refunds receivable of $6,512.
Petitioner’s claim is based upon a loan made by petitioner to decedent pursuant to a written agreement dated April 1, 1956 when both were residents of Nassau County. Petitioner loaned decedent certain shares of stock having an agreed value of $60,000. Decedent was authorized to deliver these securities to Edwards & Hanley whose then principal office was in Hempstead, New York, as his capital contribution to the firm. The agreement provided for the automatic renewal of the loan from year to year unless terminated by the petitioner in accordance with the provisions of the agreement. *340 Petitioner was entitled to interest on the loan as well as the dividends from the securities loaned to the decedent.
Petitioner alleges that the indebtedness was reduced to $50,000 and the interest due him under the agreement was paid by Edwards & Hanley until July, 1975. Repayment of the loan was allegedly demanded by petitioner prior to the. decedent’s death and subsequent thereto from the respondents who rejected his claim following correspondence with respondents. Service of the citation was made upon the respondent-executors, the Public Administrator, Edwards & Hanley and Loeb Rhoades & Co., who the petitioner alleges succeeded to the interests of Edwards & Hanley. The only parties who have appeared are the Public Administrator and the respondents.
The court is in receipt of a photocopy of a letter dated March 3, 1976 to counsel for the petitioner from a partner and house counsel of Loeb Rhoades & Co., denying that Loeb Rhoades & Co. acquired all of the assets and assumed all of the liabilities of Edwards & Hanley. The court is advised that Edwards & Hanley is still in existence as a member of the New York Stock Exchange with offices in the City of New York. Loeb Rhoades & Co. took over certain branches of Edwards & Hanley without acquiring any of that firm’s assets or assuming its liabilities other than leases on the acquired offices; that since Loeb Rhoades & Co. has no interest in this proceeding it will not appear.
In Matter of Gibson (40 Misc 2d 253) ancillary administration was granted where the sole asset of a nonresident decedent consisted of royalties due by reason of the decedent’s assignment of a musical copyright to a New York corporation. In Matter of Riggle (11 NY2d 73), the Court of Appeals affirmed this court in granting ancillary letters of administration based upon automobile liability insurance written by a Nassau County corporation to a resident of Illinois who died subsequent to the commencement of a personal injury suit by the petitioner against the insured.
It is apparent that the decedent’s interest in the limited partnership interests in Edwards & Hanley and the estate’s claim for income tax refunds from the State of New York and the City of New York are sufficient unadministered assets within the State to enable this court to grant ancillary administration. To hold otherwise would be to deny the petitioner a forum to sue on a debt under contract executed by residents of and in New York and intended by the parties to be governed *341 by New York law. Decedent’s death in Florida rather than in New York should not deprive the petitioner of his right to have the courts of New York enforce that agreement (Auten v Auten, 308 NY 155; Babcock v Jackson, 12 NY2d 473, 479).
Inasmuch as the respondents allege that Edwards & Hanley may be liable under the agreement, which was not made available to the court, a copy of this decision is being sent to that firm.
The application for the issuance of ancillary letters of administration is granted. The fact that the respondents did not voluntarily seek ancillary administration prior to the commencement of this proceeding does not disqualify them from obtaining such letters. If respondents wish to qualify as ancillary administrators, letters will be granted to them upon their filing a bond in the amount sufficient to protect the petitioner who appears to be the only New York creditor (Matter of Gibson, supra). If the respondents-domiciliary executors fail to qualify within 10 days of the service upon their counsel of the decree to be entered hereon, ancillary letters of administration will be issued to the Public Administrator.
Lastly since respondents have not informed the court of the outcome of the two lawsuits instituted in Florida by petitioner against respondents, they may assert such lawsuits as a defense to any action or proceeding brought by petitioner on his claim against the ancillary administrator.