In the Matter of the Estate of CHARLES L. LEONORI, Deceased.

Surrogate's Court, New York County, April 11, 1927.

**Wills — probate — residence of testator was proven to be in Missouri at time of death — letter written to attorney stating intention to live in Missouri was admissible — probate of prior will commenced in Missouri — as matter of comity probate proceedings here are dismissed.**

The will of the testator was offered for probate on the theory that the testator was a resident of New York county at the time of his death. The evidence clearly establishes that the testator was a resident of the State of Missouri at the time of his death.

It was not error to admit in evidence a letter from the testator to his attorney written in Missouri in which he states that he never expected to return to New York and directing his attorney to forward mail to testator's home in Missouri and to inform a third person of the contents of the letter.

Inasmuch as the Missouri courts have taken jurisdiction of proceedings to probate a prior will, the proceedings here instituted are, as a matter of comity, dismissed, although the testator left property within New York county.

PROCEEDING for probate of will.

*Vincent Yardum,* for the proponent.

*Alfred L. Marilley,* for the contestant.

FOLEY, S. In this contested probate proceeding a preliminary issue arises as to the residence of the decedent. The proponent of the will alleges that the decedent was a resident of New York county at the time of his death. The contestant, who is the widow, claims that the decedent was a resident of St. Louis, Mo. The further question is presented as to whether, if the decedent resided in Missouri, the Surrogate's Court of New York county shall continue jurisdiction of the proceeding because of the fact that the testator left property within New York county. I hold that the testator, at the time of his death, was a resident of St. Louis, Mo. I hold further, as a matter of comity, that the probate proceeding here should be dismissed and that all further proceedings for the probate of the will be had in the courts of the testator's domicile.

It appears from the evidence that Charles L. Leonori was born in St. Louis, Mo.; that he lived there up to thirty years before his death; that he lived at various times in Chicago, Ill., and Buffalo, N. Y.; that he ultimately resided for about twenty years in New York county, where he was engaged in the hotel business as the proprietor of the Leonori Hotel. At the time of his death

in 1926 he was over seventy years of age. In July, 1922, he retired from business and gave up the conduct of his hotel here. He resided for a short time thereafter with his wife at No. 420 West One Hundred and Sixteenth street, New York city, and at Mamaroneck, N. Y. While in subsequent years he made a few visits to New York city, it is clear from the evidence, and particularly from his conduct and his oral and written declarations, that in the latter part of 1923 he abandoned his residence and domicile in New York county and removed permanently to St. Louis. He resided there with one of his sons.

The abandonment of his New York domicile has been conclusively established before me. In a letter written from St. Louis by him to his attorney in New York city, dated January 16, 1924, containing instructions with regard to adjustment of the marital differences between him and his wife, he stated: " As to my returning, I never expect to." He likewise directed that all his mail be forwarded to his new home in St. Louis. That letter was clearly not privileged, and was competent because of his instructions to this attorney to communicate the contents to a third person. In addition to his written declaration, there are numerous other elements of proof in the record evidencing his acts and intention to make his permanent home in Missouri. I hold, therefore, that the contestant has sustained the burden of proof cast upon her to establish a change of domicile. (*Matter of Newcomb*, 192 N. Y. 238; *United States Trust Co. of New York* v. *Hart*, 150 App. Div. 413; mod. and affd., 208 N. Y. 617.) We have, therefore, both elements, *factum* and *animus*, of the establishment of residence, *first*, in the acts and conduct of the testator; and, *secondly*, of his intention to relinquish his New York residence. (*Matter of Harkness*, 183 App. Div. 396; *Dupuy* v. *Wurtz*, 53 N. Y. 556.)

Upon the second question presented, I hold as a matter of discretion that the Surrogate's Court of New York county should not continue jurisdiction of the probate proceeding because of the existence of property left by the decedent within New York county. A will of the testator, dated prior to the date of the instrument offered here, has been admitted to probate in St. Louis. In view of my holding that the decedent was a resident of Missouri, it would appear that for reasons of comity, and to avoid the possibility of conflicting determinations in separate jurisdictions, all further proceedings involving the validity of the later testamentary instrument should be had in the proper Missouri tribunal, and not in this court.

While we may, in certain cases, permit original probate of the will of a non-resident in this State, where the basis of our jurisdiction exists, no reason for such procedure exists where the courts of the

domicile have already assumed jurisdiction of the estate. The proceeding is, therefore, dismissed. If the proponent desires a provision may be included in the decree directing the transmission of the paper offered for probate here to the proper domiciliary court in Missouri.

Submit decree on notice accordingly.