VICTORIA W. GOLDSTEIN, Respondent, *v.* EDWARD GOLDSTEIN, Appellant.

First Department, December 1, 1939.

*Jerome A. Strauss* of counsel [*Mortimer J. Levie*, attorney], for the appellant.

*Harold Green* of counsel [*Simon S. Hamburger* with him on the brief], for the respondent.

CALLAHAN, J. Plaintiff brings this action for an injunction to enjoin the prosecution of an action for divorce brought by defendant against plaintiff in the State of Florida.

The complaint alleges that plaintiff and defendant were married in New York city on June 26, 1920, and that thereafter for a period of twelve years they lived together in New York; that there is no issue of the marriage; that in July, 1932, defendant abandoned

the plaintiff and left the marital home; that both parties continued to reside in New York city, though separately; that since the abandonment the defendant has on occasion attempted to induce this plaintiff to bring an action for absolute divorce against him, and defendant had stated that he desired to be freed from the bonds of the marital relationship, live his own life and do as he pleased; that she refused to become a party to any such arrangement; that on May 12, 1939, she received through the mail a notice consisting of an order for publication that the defendant herein had instituted an action for divorce against this plaintiff in the Circuit Court, Eleventh Judicial Circuit, Dade county, State of Florida.

The complaint then alleges that at the time of the commencement of this action and for some time prior thereto, the defendant was and still is a resident of the city of New York, and conducts and has conducted his business there and he has not, and has not had, even a colorable residence or domicile in the State of Florida; that plaintiff herein is financially unable to bear the expense of defending the action brought against her in Florida, etc.; that her husband is a man of considerable income and fortune; that all of the witnesses for the plaintiff and defendant are residents of New York; that all of the acts alleged by defendant in his Florida complaint must necessarily have occurred in the State of New York, which for more than the past twenty-five years has been and still is the place of business and domicile of the plaintiff; that plaintiff will be irreparably damaged and will be apparently deposed of her status as the wife of the defendant herein and of her property rights if the defendant be permitted to prosecute the action for divorce instituted by him in Florida; that plaintiff has no adequate remedy at law for the grievances herein set forth, and can obtain relief only in a court of equity.

Plaintiff prays for a decree permanently and perpetually restraining and enjoining the defendant and his agents, etc., from prosecuting, etc., the Florida divorce action; and for an injunction *pendente lite*.

Plaintiff has procured a temporary injunction and a separate order has been entered herein denying defendant's motion to dismiss the complaint. Defendant appeals from both orders.

The principal question presented is whether an action for an injunction will lie under the circumstances set forth in the complaint.

Appellant contends that the complaint is barren of any facts to warrant the granting of injunctive relief, in that it fails to allege that any substantial legal rights of the plaintiff have been invaded. He relies, in the main, on the decisions of the Court of Appeals in the cases of *Baumann* v. *Baumann* (250 N. Y. 382); *Somberg* v. *Somberg* (263 id. 1) and *Lowe* v. *Lowe* (265 id. 197).

We think that the cases cited are distinguishable, and that the present complaint states a cause of action. In *Baumann* v. *Baumann* (*supra*) the defendant husband had already secured an alleged divorce in Mexico, and had undertaken an attempted remarriage. Plaintiff wife procured a declaratory judgment stating that she was the lawful wife of the defendant, and that the alleged marriage of the defendant with his second wife was null and void. The judgment, in addition to so declaring, enjoined the defendants (the husband and the so-called second wife) from holding out that they were husband and wife, and restrained the so-called second wife from assuming the name of Baumann. It further enjoined the defendants from going through any marriage ceremony or attempting to have one performed during the lifetime of the plaintiff. The Court of Appeals said that the injunctive provisions of the judgment were unnecessary, as the declaratory provisions adequately protected plaintiff. It struck out the injunction, because there was no legal wrong being threatened by the defendants in holding themselves out as husband and wife, but merely a social or moral wrong which was insufficient to warrant the intervention of equity.

In the *Somberg* case (*supra*) it appeared from the complaint that plaintiff was the lawful wife of defendant Somberg; that defendant was living with a woman named as codefendant and holding the latter out as his wife, although not married; that the defendants had a child which they were calling by the name of Somberg and which they were holding out as the lawful child of their marriage. No allegation was set forth of any threat by the defendant husband to obtain a divorce, and the injunction sought concerned only the restraint against the conduct above described. The Court of Appeals said that the complaint did not state a cause of action. It said that no declaration of the validity of the plaintiff's marriage was required, for there had been no attempt to declare it invalid, and that the injunction would not be useful or necessary under the circumstances. The court pointed to its decision in the *Baumann* case (*supra*) as authority for the lack of necessity for injunctive relief.

In *Lowe* v. *Lowe* (*supra*) the plaintiff sought a declaratory judgment that she was the wife of the defendant Lowe; that a divorce already obtained by him in Nevada was void and that the defendants (again the husband and the so-called second wife) were not husband and wife. Plaintiff's right to this declaratory judgment was conceded by the defendants. Plaintiff, however, sought additional injunctive relief against the defendants. She sued to restrain them from holding themselves out as husband and wife

and to restrain the female defendant from using the name of Lowe. The Court of Appeals said that no right to injunctive relief was shown. The opinion states (at p. 200): " In order to establish a right to injunctive relief, the plaintiff must allege and prove in addition that the defendants are infringing upon marital or other rights of the plaintiff which a court of equity will protect by injunctive decree. (*Baumann* v. *Baumann,* 250 N. Y. 382.) "

It thus appears that in both the *Baumann* and the *Lowe* cases (*supra*) any possible legal harm from the foreign divorce had already been suffered for a purported divorce had been procured. Declaratory judgment had been granted in each case stating that the divorce was invalid. Injunctive relief was denied, because the declaratory judgment furnished an adequate remedy to the plaintiffs, and because the injunctive relief merely attempted to restrain a holding out, or similar conduct, which could cause no legal detriment.

In the *Somberg* case (*supra*) no divorce action was brought or even threatened by the husband, and the sole remedy sought was to enjoin immoral conduct.

In the present case we have facts entirely different from those in any of the cases cited. Here the defendant has attempted to institute an action for divorce which has not been prosecuted to judgment. According to the complaint, defendant has falsely claimed a residence and domicile in a foreign State for the purpose of having the courts thereof take jurisdiction of an action in which he seeks to divorce plaintiff, on grounds which might not warrant a divorce here. The wife asserts her financial inability to bear the expense of conducting the litigation in the foreign courts. She asserts that her property rights will be irreparably damaged if the defendant is permitted to continue with the foreign litigation. Although she does not specifically describe any community property, we deem it is unnecessary for her to do so. A general allegation of damage is ordinarily sufficient. In any event, it is alleged that the failure to grant an injunction will result in financial loss to plaintiff in the added expense of defending the action in the foreign State. Bringing an action for divorce in a foreign State on a ground untenable here, where neither of the parties resides in the foreign 'State and where one of the parties has resorted thereto solely for the purpose of evading the laws of this State (the State of their actual domicile), would seem to afford a sufficient basis for the intervention of equity to restrain the prosecution of the foreign suit. The power of the court to restrain one from carrying out an inequitable and vexatious litigation in a foreign jurisdiction is predicated on the authority vested in courts of

equity to control persons within their territorial jurisdiction and amenable to their process by restraining them from doing acts which will work an injury on citizens of this State. These principles are set forth in *Greenberg* v. *Greenberg* (218 App. Div. 104). What we said in *DeRaay* v. *DeRaay* (255 App. Div. 544, 546), concerning the *Greenberg* case (*supra*), did not amount to a holding that the latter decision was overruled by the *Baumann* case (*supra*).

The right of our citizens to seek protection by injunction does not appear to have been denied in any case where it appeared that the property, as well as the marital rights of the citizen, was being infringed or threatened.

We think that the present complaint alleges such infringement or threat.

The orders appealed from should be affirmed, with twenty dollars costs and disbursements, with leave to the defendant to answer within twenty days after service of order upon payment of said costs.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Orders unanimously affirmed, with twenty dollars costs and disbursements, with leave to the defendant to answer within twenty days after service of order upon payment of said costs.