Marcus Gr. Christ, J.
Motion for an injunction pendente lite directing- the defendant to remove a cesspool or cesspools from the plaintiff’s property, described in paragraph 2 of the complaint.
The defendant disclaims knowledge of the existence of any cesspool on the plaintiff’s property or of the connection of said cesspool with the plumbing system of her building on the adjacent property. She does not allege any facts to support a claim of a right to the maintenance of the cesspool connection, if one should exist. In support of the contention that a cesspool connection exists, the plaintiff offers no factual evidence.
In view of the lack of proof: (1) as to the existence of the cesspool; (2) that the encroachment, if it exists, may not be removed with comparatively little trouble and expense so that the remedy at law would be adequate, and also for the reason that to grant the plaintiff the mandatory injunction desired would destroy the status quo by giving the plaintiff all the relief she could obtain by final judgment, the motion is denied (see Moller v. Lincoln Safe Deposit Co., 174 App. Div. 458; Pizer v. Trade Union Service, 276 App. Div. 1071; Ash v. Holdemon, 5 A D 2d 1017). “ A mandatory injunction is an extraordinary remedy to which a suitor has no absolute right but which may *963 be granted or withheld by a court of equity in the exercise of its discretion. Even where the facts which would justify the grant of an extraordinary remedy are established, the court must still decide whether, in the exercise of a sound discretion, it should grant the remedy, and if granted, the terms and conditions which should be annexed to it.” (Lexington & Fortieth Corp. v. Callaghan, 281 N. Y. 526, 531.)