Breitel, J.
Objectants Stefanie Heller, Gertrude Strohmaier, and Edith Prosche appeal in a probate proceeding. Involved is the power of the Surrogate to entertain original probate of the 1964 will of a nondomiciliary, when there had been pending and since determined in the foreign domiciliary jurisdiction an estate proceeding based on an earlier will of the testator.
*339 The Surrogate struck the objections filed by the appellants. The Appellate Division, by a divided court, affirmed, but granted leave to appeal to this court on a certified question. The Appellate Division also certified that its determination was ‘ ‘ made as a matter of law and not in the exercise of discretion. ’ ’
The objectants contend that the Surrogate should not have asserted jurisdiction over the original probate of a 1964 will in the estate, since an Austrian domiciliary court had previously asserted jurisdiction. They argue that the earlier 1962 will had been probated, or established in Austria, and that only ancillary jurisdiction, based on the Austrian proceeding, was possible in New York. It is concluded that the objections were properly dismissed.
The instant proceeding for the probate of the will of Eudolph Heller-Baghero, dated February 5, 1964, was commenced in Surrogate’s Court of New York County, October 28, 1968. The will, executed in New York City, and reciting a New York residence for the testator, revokes all prior wills, directs the payment of debts, and funeral expenses, and gives the residue to Mrs. Stefanie Heller, testator’s divorced wife, and a Mrs. Ida Franca, in equal shares. Theodore Mattern, the proponent-respondent in this proceeding, is named as executor.
Gertrude Strohmaier and Edith Prosche, the testator’s daughters, and Mrs. Heller filed objections. They asserted that testator was, at the time of his death, a resident and domiciliary of Austria, and that testator executed a will in 1962, presently the subject of a proceeding previously commenced in the District Court, Inner City, City of Vienna, Austria. The 1962 will, after payment of debts and funeral expenses, leaves testator’s “principal property ”, some 145 common shares of the American Telephone and Telegraph Company, to Mrs. Heller, or, should Mrs. Heller die before him or before she is to receive the shares, to his two daughters. The remaining property is left to one Philip Golden of New York City, who is also named executor. It is asserted by proponent, without contradiction, that 90% of decedent’s assets are located within the State of New York.
The papers provide little information on Austrian law or of the Austrian proceeding. An official certificate of the Austrian court, dated November 27, 1968, and submitted to the Surro *340 gate, indicates that deceased was an American citizen, that an estate proceeding based on the 1962 testament was then in progress, that Philip Golden had renounced his rights under the will as a result of which the provisions of the law of descent and distribution had become applicable, and that the daughters had filed unconditional declarations of acceptance of their respective halves of the inheritance. Theodore Mattern, the proponent-respondent in this proceeding, had “reported” to the Austrian court the existence of the 1964 will, but no certified copy of the will had yet been transmitted. The certificate concluded ‘1 that the estate proceeding may, therefore, not be continued at the present time.”
An affidavit by the objectants ’ attorney recites, however, that he has a copy of a letter written to Mattern by the Austrian Court Commissioner, dated September 5, 1968, indicating that the daughters were granted the administration of the decedent’s estate in Austria, which objectants urge is “ prima facie proof * * * that the decedent’s will of July, 1962 was established in Austria ”.
Papers submitted on a motion to dismiss the appeal serve to clarify the situation somewhat. A translation of the September 5,1968 letter to Mattern from the Justice Commissioner is submitted. It states that the daughters have been made administrators as “ legatees ”. A notarized copy of the 1964 will is requested. If valid, the will would invalidate the previous testament. A legacy suit would follow. The daughters would be able to assert a partial claim to the estate so that the legatees as well as the daughters as legal heirs would be each entitled to one fourth of the net proceeds of the estate.
The motion papers to dismiss the appeal contain a copy of the decision in the estate proceeding. It states that no certified copy of the 1964 will was provided by Mattern, and the domestic estate, having a net value of some 4,920 Austrian schillings* was turned over to the daughters, May 22, 1969. The decision further stated that should there be other persons named in a will dated after July, 1962, they would have to claim their rights in the domestic estate in an inheritance law suit. Mattern apparently made no appearance in the Austrian proceeding.
*341 The question presented is whether - the Surrogate had discretion to entertain jurisdiction, and if so, whether, if discretion be generally exercisable by him, it was exceeded in this proceeding as a matter of law.
The Surrogate’s jurisdictional power to admit a will of a foreign domiciliary to original probate is covered by section 1605 of the Surrogate’s Court Procedure Act. It provides:
“ 1. A will of a non-domiciliary which upon probate may operate upon any property in this state and is deemed by the laws of this state to have been validly executed for probate in this state, may be admitted to probate in the same manner as any other will may be admitted to probate under this act, except as herein otherwise prescribed.
“ 2. A will which has been admitted to probate or established in the testator’s domicile shall not thereafter be admitted to original probate in this state except
“ (a) in a case where the court is satisfied that ancillary probate would be unduly expensive, inconvenient or impossible under the circumstances,
“ (b) where the testator has directed in such will that it shall be offered for probate in this state or
“ (c) where the laws of testator’s, domicile discriminate against domiciliaries of New York either as a beneficiary or a fiduciary.
“ 3. A will which by judgment or decree of a competent court in the testator’s domicile has been denied probate or establishment shall not be admitted to probate in this state except where the denial of probate or establishment is solely for a cause which is not ground for rejection of a will of a domiciliary testator.”
Significantly, original probate is denied, generally, only when the will offered for probate has already been probated or established in testator’s domicile, or has itself been denied, by judgment or decree, probate or establishment in the testator’s domicile. Neither of these exceptions is relied upon by the objectants, and, indeed, they appear inapplicable. First, the 1964 will presented to the Surrogate is not the will involved in the Austrian proceeding, but a later will. Second, since no certified copy of the 1964 will was ever presented to the Austrian court, the 1964 will was never before it, and could not have been *342 “ denied probate or establishment Indeed, at the time the 1964 will was presented for probate in New York, there was no judgment or decree in Austria, and the proceedings had been halted, pending possible production of the 1964 will.
Since the statute appears to authorize probate, reliance is placed by objectants on decisional law concerning the powers of the Surrogate to exercise jurisdiction. Matter of Leonori (130 Misc. 499) presents a fact situation similar to the instant case. There, Surrogate Foley held that original probate should not be entertained: “Upon the second question presented, I hold as a matter of discretion that the Surrogate’s Court of New York county should not continue jurisdiction of the probate proceeding because of the existence of property left by the decedent within New York county. A will of the testator, dated prior to the date of the instrument offered here, has been admitted to probate in St. Louis. In view of my holding that the decedent was a resident of Missouri, it would appear that for reasons of comity, and to avoid the possibility of conflicting determinations in separate jurisdictions, all further proceedings involving the validity of the later testamentary instrument should be had in the proper Missouri tribunal, and not in this court.
“ While we may, in certain cases, permit original probate of the will of a non-resident in this State, where the basis of our jurisdiction exists, no reason for .such procedure exists where the courts of the domicile have already assumed jurisdiction of the estate. The proceeding is, therefore, dismissed. If the proponent desires a provision may be included in the decree directing the transmission of the paper offered for probate here to the proper domiciliary court in Missouri.” (id., pp. 500-501).
It is argued by objections that despite the exercise of “ discretion ’ ’ by Surrogate Foley, the rule of comity is, in fact, not a subject for exercise of an ad hoc discretion, but a rule which requires the Surrogate to deny probate in such cases, even though he has jurisdiction. It appears, however, that the rule truly is one of ad hoc discretion, to be exercised by the Surrogate. In Matter of Wolf (144 Misc. 256), Surrogate Foley again ruled in a proceeding to probate a foreign will, this time of a Pennsylvania domiciliary. An earlier -will had already been admitted to probate in the domicile. The Surrogate *343 declined to assume jurisdiction, but in language more fully revealing the factors to be considered, notably, the minimal size of the personal property in New York: “ Having found that the record amply sustains the holding that the decedent at the time of her death was not a resident of New York county, but of Oil City, Penn., the only question remaining is whether the court should assume jurisdiction here of the estate of the decedent because of the personal property found in her room at the Hotel Hamilton. In view of the negligible amount of such personal property left by the decedent in this county, I hold, as a matter of discretion and for reasons of comity, that the court should not entertain jurisdiction of an original probate proceeding here, but should direct the transmission of the will offered for probate to the forum of the decedent’s domicile in Pennsylvania where jurisdiction has been lawfully assumed. (Matter of Leonori, 130 Misc. 449.) If ancillary proceedings be necessary here to administer the New York assets, a proper application may be initiated for that purpose.” (id., at p. 259).
A most significant case in this area is that of Matter of McCullough (129 Misc. 113), also decided by Surrogate Foley. Colorado, the domicile of deceased, had granted letters of administration to the surviving wife, based upon intestacy. Nevertheless, Surrogate Foley granted original probate. He held: “ Neither as a matter of right nor of comity nor because of the special circumstances disclosed in the papers in this proceeding, is the petitioner entitled to an order directing the forwarding at this time of the alleged will to the Probate Court of Colorado ” (id., p. 117). The Surrogate noted that “ [t]he personalty located here consists of stocks, bonds and cash in bank of the value of $100,000, whereas the gross value of the property located in the domiciliary State and elsewhere is approximately $40,000 ” (id., p. 114).
If the Surrogate has a discretion to grant or refuse jurisdiction for original probate, the issue remains whether the Surrogate exceeded his discretion in the instant case as a matter of law. This point is not argued by the objectants, who rely solely on the argument that no discretion is involved.
Parenthetically, it should be noted that in several earlier cases in the Court of Appeals involving discretionary probate, the court referred to a “ judicial discretion depending upon the *344 circumstances of the particular case.” Such discretion was nevertheless reviewed. The issue in these cases was whether the Surrogate, in an ancillary administration of a nondomiciliary’s estate, should decree distribution of the assets, or remit them to the jurisdiction of the domicile. In two of the cases, nisi prius was reversed and it was held that the property should be remitted to the domiciliary jurisdiction (Despard v. Churchill, 53 N. Y. 192, 201; Parsons v. Lyman, 20 N. Y. 103, 125). In a third case, by contrast, it was held that the Surrogate erred in declining to decree distribution (Matter of Hughes, 95 N. Y. 55, 63-64). It is not clear, however, whether this review was of “ discretion ” in the contemporary sense, where review by this court is limited, or whether the decisions represent an early, and undeveloped treatment of review of discretion (see, generally, Cohen and Karger, Powers of the New York Court of Appeals, §§ 145-150).
If, however, the Surrogate has power to entertain an original probate proceeding as a matter of discretion, the particular facts of this case may justify such action. This is not to say that the interests of comity are insubstantial, or that probate of the 1964 will in New York, in opposition to the 1962 will probated in Austria, will not result in inconsistent awards to the extent that each jurisdiction has physical power over the property within its boundaries. Interests of orderliness, and of unitary administration, generally require that disposition of the property in the same estate, be uniform.
It should be noted, however, that the only issue is of the validity of the 1962 and 1964 wills, and not whether the law of New York or Austria governs the intrinsic validity, or effect, of the will or devolution of the property when not disposed by will. The construction of the wills and questions of rights of election or forced heirship covering personalty would be governed by Austrian law, if, as alleged, the deceased was an Austrian domiciliary (EPTL 3-5.1, subd. [b], par. [2]; see Matter of Clark, 21 N Y 2d 478, 483, 489).
The only issue would he validity of the 1964 will, an issue that was not foreclosed in the domiciliary jurisdiction at the commencement of the instant proceeding. Nor, for that matter, is the issue completely foreclosed even now, for although *345 the estate proceeding has now irrevocably terminated, an action at law, based on the 1962 will, is still possible in Austria (see Affidavit of Austrian law by Otto Zucker [for objectants], at pp. 2-5).
The question is, rather, whether original probate should be denied because the proponent of the 1964 will did not intervene in the Austrian proceeding, but instead sought original probate in New York.
The “ facts of the particular ease ” justify the entertainment of original jurisdiction, although they certainly would not compel it. First, the relative substantiality of the assets in New York, some 90% of the total estate, is a recognized ground for retaining jurisdiction (cf. Matter of Wolf, 144 Misc. 256, 259, supra). Second, the executor named in the 1964 will is a New York resident, as is one of the two legatees (the other, Mrs. Heller, is apparently a domiciliary of Austria). Most significant, the letter of the Austrian Justice Commissioner to Theodore Mattern, dated September 5, 1968 {supra) indicated that the proof of the 1964 will in Austria would entail extensive litigation. It was only nátural that the executor chose to litigate in New York, and perhaps forfeit the property located in Austria, rather than conduct the litigation there.
Of course, the fact that the testator listed his residence in the 1964 will as New York cannot justify dismissal of the objections as suggested by the courts below, although the proponent of the will may litigate the issue of domicile if so advised. It appears, however, that the probate proceeding was brought in New York in good faith, and there is no suggestion of an attempt co thwart the laws of Austria, the laws which must be applied in any event. Although strong arguments may also be made for declining jurisdiction, the decision of the Surrogate, affirmed u-íTfc Appellate Division, is not without basis.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Jasen and Gibson concur.
Order affirmed, without costs. Question certified answered in the affirmative.

 Par value of the Austrian schilling is 25.88 U.S. cents.