■■ HUDSON TEACHERS ASSOCIATION et al., Appellants, v. ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board, Respondent. (And One Other Proceeding.)—Appeal from an order of the Supreme Court at Special Term, entered May 2, 1972 in Albany County, which granted a motion by defendant for summary judgment dismissing the complaint and from the judgment entered thereon. Appellants, employee organizations representing public school teachers, were charged by the Public Employee Relations Board (PERB) with causing and engaging in a strike against the Hudson City School District in violation of subdivision 1 of section 210 of the Civil Service Law. In that proceeding appellants have raised an affirmative defense that the public employer refused to negotiate in good faith and engaged in acts of extreme provocation (Civil Service Law, § 210, subd. 3, par. [f]). Appellants sought to enjoin PERB from conducting further proceedings during the pendency of criminal contempt proceedings against certain witnesses whose testimony is allegedly essential to the affirmative defense of appellants. The sole ground raised for the injunction is that compelling appellants to participate in the administrative proceeding with witnesses who will allegedly invoke their privilege against self incrimination will operate as a denial of due process against appellants. An injunction against conducting a judicial or quasi-judicial proceeding is a most extraordinary form of relief (*People* v. *Oskroba*, 305 N. Y. 113; *Oleshko* v. *New York State Liq. Auth.*, 29 A D 2d 84, affd. 21 N Y 2d 778). Although it might be assumed that appellants' witnesses would invoke their constitutional privilege in certain circumstances, it is premature to assume that the information to be sought from them would be such as to allow them to properly exercise that privilege. When we consider further that the privilege against self incrimination is personal to the witnesses and does not create any affirmative rights in these appellants, it cannot be said that they have made a sufficient showing to entitle them to injunctive relief. Judgment affirmed, with costs. Herlihy, P. J., Greenblott, Simons, Kane and Reynolds, JJ., concur.