■ In the Matter of the Estate of IRENE WEIL, Deceased. JOSEPH WEIL, Appellant; DAVID KLEIN et al., Respondents. [609 NYS2d 375] —Mercure, J. Appeal from an order of the Surrogate's Court of Sullivan County (Slobod, S.), entered October 29, 1992, which, upon reconsideration, adhered to its prior decision denying petitioner's motion for summary judgement.

Irene Weil (hereinafter decedent) resided in both the United States and Israel, possessing assets in both nations. Decedent died in Israel in July 1987 and petitioner commenced a

proceeding in the Beer Sheba Regional Rabbinical Court of Israel (hereinafter the Israeli Court), presenting a will executed by decedent in the United States in 1974 which bequeathed all of decedent's assets to petitioner. In response, the Israeli Court transferred decedent's Israeli assets to petitioner. Petitioner then commenced the instant proceeding in Surrogate's Court seeking probate of the 1974 will. Respondent Robert Klein objected to probate of the 1974 will and petitioned for probate of a will decedent executed in 1986, which contained bequests to Klein's children, who were decedent's nephews and nieces, and to charities, but not to petitioner. Petitioner, apparently without informing the Israeli Court of the pending proceeding in this State or of the 1986 will, thereafter sought clarification of the Israeli Court's original judgment. The Israeli Court indicated that the 1974 will was valid "for all purposes". Petitioner then moved for summary judgment admitting the 1974 will to probate on the ground that the Israeli judgment should be recognized as a matter of comity. Surrogate's Court denied the motion and, upon reargument, adhered to its decision. Petitioner now appeals.

There should be an affirmance. The courts of this State will generally recognize the validity of a judgment obtained in a foreign nation, although not required to do so (see, Greschler v Greschler, 51 NY2d 368, 376). Absent a showing of fraud in the procurement of a foreign judgment or that recognition of the judgment would do violence to a strong public policy of this State, a party who properly appeared in the foreign action is precluded from collaterally attacking the validity of the foreign judgment in a proceeding brought in this State (see, supra; Rabbani v Rabbani, 178 AD2d 637).

With these principles in mind, it is our view that the refusal by Surrogate's Court to recognize the Israeli judgments was a proper exercise of discretion. First, there are factual issues, never addressed by the Israeli Court, concerning the effect of the 1986 will upon the 1974 will and also whether decedent was a domiciliary of Israel or New York at the time of her death. Second, although there is no clear evidence in the record demonstrating that petitioner knew of the 1986 will at the time of the original Israeli proceeding, he clearly knew of the 1986 will by the time that he requested clarification of the Israeli judgment, and his failure to inform the Israeli Court of the 1986 will arguably constitutes fraud. Third, because no personal service was made upon the known beneficiaries of the 1986 will as required by SCPA 1403 (1) (c), the Israeli judgment was not obtained in accordance with recognized

principles of jurisdiction and due process *(cf., Porisini v Petricca,* 90 AD2d 949).

Cardona, P. J., White, Casey and Weiss, JJ., concur. Ordered that the order is affirmed, with costs.