OPINION OF THE COURT
Michael H. Feinberg, S.
*870 This is a proceeding brought by Esther Green, one of the decedent’s three daughters, to revoke letters of administration issued to her sister, Deb Ireland. Deb Ireland and her sister, Bea June Swan, now move to restrain Esther Green from continued prosecution of a proceeding in Israel to probate the purported will of their mother.
Anna Cohen died February 25, 1991, domiciled in Israel. She was survived by her husband, Meyer Cohen, and three children, Esther Green, Deb Ireland and Bea June Swan. On December 6, 2002, Deb Ireland filed a petition for letters of administration. The petition alleged that her mother was a distributee of the estate of her brother, George Glick, and that the JP Morgan Chase Bank, which was the administrator of George Glick’s estate, failed to fully distribute the estate’s assets. Deb Ireland petitioned for letters of administration to pursue the claim. Bea Swan consented to Ms. Ireland’s appointment. Esther Green, who is domiciled in Israel, was served by mail and defaulted. Letters of administration were issued to Deb Ireland on March 30, 2003 (SCPA 206 [1]).
In November 2003, Deb Ireland brought a proceeding to compel the bank to account for its administration of the George Glick estate. Shortly thereafter, Esther Green initiated proceedings in Israel to probate her mother’s will. The instrument, dated January 12, 1987, left her estate to her husband, Meyer Cohen. If Meyer Cohen predeceased her, Deb Ireland receives $1 and Esther Green and Bea Swan receive the balance of her estate in equal shares. Meyer Cohen had died on April 11, 1991, also domiciled in Israel. His will, dated January 14, 1988, was admitted to probate in Israel on October 21, 2003. Under his will, he left $1 to Deb Ireland, $3,000 to Bea Swan and the balance to Esther Green. Esther Green is the executrix of her father’s will and the nominated executrix under the proffered will of her mother (the Israeli will).
Deb Ireland filed objections in Israel to the probate of the Israeli will on the ground that her mother lacked testamentary capacity. She also brought a proceeding in Israel to vacate the decree probating her father’s will. In March of 2004, Esther Green and the bank, acting as trustees of the trust created for Anna Cohen under the will of another brother, T. Harry Glick, moved to vacate the letters of administration issued to Deb Ireland. They claimed that the letters should be vacated because the decedent had a will, there were material misstatements in the petition for letters of administration, and Deb Ireland was not fit to serve as fiduciary.
*871 Deb Ireland and Bea Swan have adopted identical positions in this litigation. For purposes of clarity, the court will refer to their actions and positions as those of the administratrix. The administratrix filed an answer, alleging that the bank had no standing in this proceeding and that there had been no material misstatements of fact in the petition for letters of administration. The administratrix claimed that their sister and the bank instituted the proceeding to vacate her letters of administration for their own nefarious reasons. The administratrix then filed the instant order to show cause to enjoin Esther Green from prosecuting the probate proceeding in Israel. Esther Green did not reply to the motion.
A nondomiciliary who commences a proceeding in New York confers personal jurisdiction on the court (CPLR 303; Nelson v Nelson, 74 Misc 2d 946 [Sup Ct, Nassau County 1973]; Jones v Jones, 180 Misc 703 [Sup Ct, NY County 1943]; Immerman v Immerman, 134 NYS2d 296 [Sup Ct, NY County 1954]). In a proper case, this includes the authority to enjoin a party from prosecuting a related action in any other state or country (Paramount Pictures v Blumenthal, 256 App Div 756 [1st Dept 1939], appeal dismissed 281 NY 682 [1939]; Goldstein v Goldstein, 258 App Div 211 [1st Dept 1939]; Matter of Herman, 69 Misc 2d 405 [Sur Ct, NY County 1972]). The only question is whether the administratrix has presented a proper case for injunctive relief (Paramount Pictures v Blumenthal, 256 App Div 756 [1939], supra). For a number of reasons, she has not and the application must be denied.
Clear Right to Injunctive Relief
An application for injunctive relief is addressed to the discretion of the court (Matter of Heller-Baghero, 26 NY2d 337 [1970]; After Six v 201 E. 66th St. Assoc., 87 AD2d 153 [1st Dept 1982]). To obtain a preliminary injunction under CPLR article 63, the applicant must show that (1) he or she is likely to succeed on the merits, (2) he or she risks irreparable injury without the injunction, and (3) the equities favor the granting of an injunction (Aetna Ins. Co. v Capasso, 75 NY2d 860 [1990]; Grant Co. v Srogi, 52 NY2d 496 [1981]). Injunctive relief is a drastic remedy. Accordingly, the applicant must show a clear right to relief (People v Canal Bd., 55 NY 390 [1874]; Blueberries Gourmet v Aris Realty Corp., 255 AD2d 348 [2d Dept 1998]).
In the instant case, the administratrix has failed to establish a right to relief on a number of grounds. First of all, the ap *872 plication for injunctive relief is procedurally defective. The administratrix seeks injunctive relief in a motion. This court cannot grant injunctive relief on an application made by motion only (Matter of Hungarian Freedom Fighters Fedn. v Samson, 30 Misc 2d 354 [Sup Ct, NY County 1961]; Wolman v Wolman, 182 Misc 602 [Sup Ct, Kings County 1944]).
To grant injunctive relief, the administratrix must claim some right to affirmative relief. In her answer, the administratrix does not seek affirmative relief. Without a pleading seeking affirmative relief, the court cannot grant injunctive relief (Weinstein-Korn-Miller, NY Civ Prac f 6301.06; see Gebman v Pataki, 256 AD2d 854 [3d Dept 1998]; Pen Kem v Goetz, 75 AD2d 579 [2d Dept 1980]; Annexstein v Annexstein, 50 AD2d 755 [1st Dept 1975]). The requirement of an affirmative pleading is especially critical where the granting of the application would leave the issue of the validity of the decedent’s will in permanent limbo. The administratrix seeks to enjoin their sister from proceeding in the only court where the issue is raised. The result would be to, in effect, deny probate to the Israeli will without any hearing on the merits. The court will not allow this (Olympic Tower Condominium v Cocoziello, 306 AD2d .159 [1st Dept 2003]; MacIntyre v Metropolitan Life Ins. Co., 221 AD2d 602 [2d Dept 1995]; Veal v Scheiner, 18 Misc 2d 962 [Sup Ct, Nassau County 1959]; Ornstein v 1440 Assoc., 11 Misc 2d 793 [Sup Ct, NY County 1958]).
Lest the administratrix be under some misapprehension, even if the objections were amended to request affirmative relief, injunctive relief is not available on the facts of this case. It is not clear that this court has the authority to entertain a petition to deny probate of a foreign will. There is no express statutory authority for such a suit. The law authorizes proceedings to probate a foreign will, as long as there is property to be administered here (SCPA 1605 [1]). However, SCPA 1605, by its terms, is predicated upon the proof that the instrument is valid in this state. Where it is alleged that the instrument is not valid in this state, SCPA 1605 does not seem to apply. Nor is there any case law on point. All the cases involve proceedings to probate foreign wills in this jurisdiction.
It may be argued that SCPA 206, which provides that the Surrogate’s Court of any county has jurisdiction over the estate of any nondomiciliary decedent who leaves property in this state, could be the basis for jurisdiction to hear a proceeding to deny probate to a foreign will. Even if there is statutory author *873 ity for this court to entertain the proceeding, it is doubtful that the court should do so.
It is left to the discretion of the surrogate whether to entertain a probate proceeding involving a foreign will. The factors to be considered in determining whether to exercise this discretion were enumerated by the Court of Appeals in Matter of Heller-Baghero (26 NY2d 337 [1970]). Among the factors to be considered are: the relative value of the personal property in New York to the property in the country of domicile, whether the executor named in the will is a New York resident, whether the legatees were New York residents, whether the decedent directed probate in New York, the convenience of the parties and the possibility of unjust results.
In Matter of Heller-Baghero, the Court held that the surrogate did not exceed his jurisdiction in hearing a proceeding to probate a will of an Austrian domiciliary, even though an earlier will had been probated in Austria. In reaching this conclusion, the Court adopted the decisions of prior Surrogate’s Court cases using the aforementioned factors in determining whether or not to accept jurisdiction over probate proceedings of foreign wills, despite proceedings in the decedent’s home state (see Matter of Wolf, 144 Misc 256 [Sur Ct, NY County 1932]; Matter of Leonori, 130 Misc 499 [Sur Ct, NY County 1927]; Matter of McCullough, 129 Misc 113 [Sur Ct, NY County 1926]; see also Matter of Vischer, 53 Misc 2d 912 [Sur Ct, NY County 1967]; Matter of Harwood, 104 Misc 653 [Sur Ct, NY County 1918]). Cases since then have applied this analysis to the problem (see Matter of Nelson, 125 Misc 2d 451 [Sur Ct, NY County 1984]; Matter of Renard, 100 Misc 2d 347 [Sur Ct, NY County 1979]; Matter of Scott, NYLJ, June 21, 1994, at 23, col 1).
While these cases involved a proceeding to probate a foreign will rather than a proceeding to deny probate to a foreign will, presumably the same factors are relevant in determining whether to entertain the proceeding. Applying these factors, it seems clear that this court should defer to the Israeli court proceeding. Israel has the primary interest in determining the validity of a will of one of its citizens. A probate proceeding has already been instituted in Israel. The fiduciary and the principal beneficiary are domiciliaries of Israel, the instrument was executed in Israel and the necessary witnesses and documents are located in Israel. The only connection of this estate to New York is a cause of action involving a New York trust. Under these circumstances, New York has only an ancillary role and should not *874 interfere with the probate proceeding in a foreign country (see Matter of Turton, 8 NY2d 311 [1960]; Matter of Leonori, 130 Misc 499 [Sur Ct, NY County 1927]; Matter of Meyrowitz, 137 NYS2d 677 [Sur Ct, NY County 1954]).
The Doctrine of Comity
Finally, even if the administratrix could show that they were entitled to injunctive relief on the merits, comity militates against granting the injunction prohibiting a party from proceeding in a foreign action. The interests of comity forbid granting of an injunction to stay the proceedings commenced in a foreign court of competent jurisdiction, unless it is clearly shown that the suit to be restrained was “brought in bad faith, or motivated by fraud or an intent to harass the party seeking the injunction, or if its purpose was to evade the law of the domicile of the parties” (Sarepa, S.A. v Pepsico, Inc., 225 AD2d 604, 604 [2d Dept 1996] [citations omitted]).
“The use of the injunctive power to prohibit a person from resorting to a foreign court is a power rarely and sparingly employed, for its exercise represents a challenge, albeit an indirect one, to the dignity and authority of that tribunal. Accordingly, an injunction will be granted only if there is danger of fraud or gross wrong being perpetrated on the foreign court.” (Arpels v Arpels, 8 NY2d 339, 341 [1960]; see also Indosuez Intl. Fin. B.V. v National Reserve Bank, 263 AD2d 384 [1st Dept 1999]; Matter of Bauman, 140 Misc 2d 412 [Sur Ct, NY County 1988].)
Restraint of a foreign proceeding is such extraordinary relief that it should only be granted in exceptional circumstances (Arpels v Arpels, 8 NY2d 339 [1960], supra; Sarepa, S.A. v Pepsico, Inc., 225 AD2d 604 [1996], supra; Roman v Sunshine Ranchettes, 98 AD2d 744 [2d Dept 1983]; Hudson Teachers Assn. v Helsby, 39 AD2d 1012 [3d Dept 1972]).
The administratrix claims that the Israeli proceeding is fraudulent. There is nothing in the record to support this conclusory allegation. The fact that there has been a substantial delay in offering the instrument for probate is not evidence of fraudulent intent or delay that invokes the equitable doctrine of laches (see Matter of Canfield, 165 Misc 66 [Sur Ct, NY County 1937]). A more likely explanation is that it was believed that there were no probate assets. The court notes that the proceeding for letters of administration was filed in 2002, over 10 years after the *875 decedent’s death. The probate petition was filed soon after. The administratrix was given due notice of the proceeding and the opportunity to contest the validity of the will and in fact has filed objections to its probate. Therefore, there is no basis to hold that the probate proceeding is a sham.
The administratrix claims that her sister conspired to conceal medical evidence that would prove her mother lacked testamentary capacity. The only medical evidence identified is a letter from one of their mother’s treating physicians to her New York trustee describing the need for funds for her condition. This letter has been furnished to the applicants pursuant to this court’s decision in a related contested trust accounting.
The administratrix argues that Israeli probate procedure does not provide for comprehensive discovery. In support, she attaches an affidavit by an Israeli attorney that Israeli law does not include extensive pretrial procedures and many of the procedures allowed by law are not often used. The fact that the rule in the foreign state as to evidence is less liberal than that of New York is not sufficient to take the extraordinary step of enjoining a probate proceeding in the state of the domiciliary (Edgell v Clarke, 19 App Div 199 [1st Dept 1897]). Nor is the claim that the applicants will be required to incur the inconvenience or expense of litigating in foreign court sufficient to grant an injunction against the foreign proceeding (Arpels v Arpels, 8 NY2d 339, supra; Paramount Pictures v Blumenthal, 256 App Div 756 [1939], supra; Indosuez Intl. Fin. B.V. v National Reserve Bank, 263 AD2d 384 [1999], supra).
The administratrix argues that the Israeli proceeding should be enjoined because it threatens to interfere with the court’s jurisdiction and administration of Anna Cohen’s estate. She claims that Esther Green brought the Israeli proceeding as part of a scheme to deprive the administratrix of standing in her suit against the bank. On a superficial level, she is correct. It is always the case that the probate of an instrument after letters of administration are entered will affect the administration of the estate. This is not a reason to enjoin the subsequent probate proceeding. Prosecution of the Israeli probate proceeding will not affect the authority of this court to determine the administratrix’ claims of malfeasance in the estate of the decedent’s brother. It will only determine the appropriate parties to that litigation.
Finally, the administratrix argues that the Israeli proceeding should be enjoined because Israeli courts will not accord comity *876 to New York’s granting of letters of administration. However, comity is not a strong factor where probate is involved (see e.g. Matter of Weil, 202 AD2d 838 [3d Dept 1994]; Matter of McCullough, 129 Misc 113 [Sur Ct, NY County 1926]). In McCullough, a case almost directly on point, Surrogate Foley refused to apply comity to the decree of a sister state appointing an administratrix to bar the initiation of a probate proceeding here.
In McCullough, the decedent was a Colorado domicile. His widow, who was his sole distributee, applied for and received letters of administration from the Colorado Probate Court. The decedent had executed a will leaving one half of his estate in trust for his widow, with the remainder to a cousin, and the balance outright to his two sisters, one of whom he appointed as executrix. The executrix filed for original probate in New York. The widow moved to discontinue the New York proceedings and transmit the will to Colorado for probate proceedings there. The court denied the widow’s motion to discontinue the New York proceedings and transmit the will to Colorado for further proceedings there. The court found that the bulk of the estate was personal property located in New York and held that exercised its discretion to grant original probate under the predecessor of SCPA 1605. This holding was later cited with approval in the Court of Appeals in Matter of Heller-Baghero (26 NY2d 337, 345 [1970], supra).
If New York courts would not apply comity to refuse to entertain the probate of the will of a nondomiciliary where letters of administration were issued by a sister state where the decedent was domiciled, there is no reason for the Israeli courts to apply comity to refuse to entertain the probate petition of the will of a domiciliary merely because this court has issued letters of administration.
For the above reasons, the application for an injunction prohibiting Esther Green from prosecuting in Israel the proceeding to probate the instrument dated January 12, 1987 is denied.