Millard L. Midonick, S.
This motion is made on behalf of the testator’s widow and minor child to dismiss the petition for probate in the interests of substantial justice under CPLR 327 on the ground that a French forum is convenient but a New York probate is inconvenient. The petition for probate states that the estate assets amount to between $200,000 and $300,000 but upon the oral argument of this motion the estate was said to be between one and two million dollars. The probate petition *827 alleges that the decedent was domiciled at a stated street address in France and it is conceded that the decedent’s testamentary-assets in this State amount to bank deposits of less than a thousand dollars.
The issue is whether probate jurisdiction should be exercised in New York or original probate in this jurisdiction should be denied and the probate proceeding dismissed in order that proceedings to administer the estate may be conducted in either France or Switzerland, countries where the bulk of the decedent’s assets are located.
The intestate distributees of the decedent under New York law are his widow and their child of 7 years of age. The decedent, who died on May 28,1972, executed a purported will in New York City on October 16, 1970, which is offered for probate by two individuals who are not distributees. The Chase Manhattan Bank which is nominated in the will as a coexecutor has filed a renunciation. In the propounded instrument the testator stated that he resided in “ New York, New York.” While it is clear that the decedent was and always had been a natural-born American citizen, it is equally clear that he retained no place of abode in the United States and that his place of abode at the date of his death was in France, as stated in the probate petition.
At the time of his death, the testator had substantial real and personal property worth several hundred thousand dollars situated in France and had personal property in the form of Swiss money or its equivalent claimed to be well in excess of one million dollars located in Swiss banks. His total estate resources in the State of New York consisted of less than $1,000 in accounts in a branch of Chase Manhattan Bank, National Association, Flushing, Queens County; the passbook of one of these accounts is kept at the New York County headquarters of that bank. Under the terms of a custodian account, the bank is authorized to invest funds but the bank has not actively invested money since June, 1971 when the testator transferred more than one million dollars of his funds formerly in this New York account, to Swiss' banks in order to take advantage of the then dollar crisis.
The New York will here propounded directs that approximately half of the testator’s estate be distributed to his widow, and that half be held in trust for the minor child of the marriage, the child’s portion to be kept in trust until various distribution ages. These dispositions are subject to relatively small bequests to other persons who are citizens of the United States.
The New York will of October 16, 1970, expressly requested that the will be probated in the “ State of New York ” and that New York law apply to its provisions.
*828 Despite this 1970 will, the testator, after his removal to France to live, executed what is known in France as a “ deed of donation This is an instrument which is somewhat akin to an inter vivos deed of gift which is to take effect upon death of the donor, and was executed in France on May 3, 1972 (25 days before his death) before a French notary public. This deed of donation purported to dispose of the testator’s estate wherever situated, and its provisions are inconsistent with the New York will, although it does not purport expressly to revoke the New York will. The French deed of donation directs transfer at the donor’s death of the entire estate to the donor’s (testator’s) widow subject to the forced heirship rights of their child under French law. The widow has elected to take one fourth of the entire estate outright, plus the ‘ ‘ use ’ ’ of the remainder of the estate during her lifetime. Since there are no trusts, as we know them, under French law, evidently the widow is entitled to considerable leeway by way of invasion as her own custodian during her lifetime, and the child if she survives the widow, has rights in whatever remains after whatever accounting the French law provides at the time of the widow’s death.
There is now pending a litigation for early trial in France attacking the validity of this deed of donation, on the basis of alleged fraud, undue influence, incompetency and the like, apparently including evidence of an alleged antenuptial agreement under which the widow contracted to limit her interest in the estate of the decedent to $10,000 plus whatever the testator might voluntarily wish to provide, waived her right of election under New York law and agreed that New York law should apply to his testamentary disposition.
If there is any validity to the New York will herein propounded, it can be presented to the French court for establishment. While it is true that the French law does not provide for trusts as we know them, and would not be able to effectuate the provisions of this will in the manner which would be the case if the property were in New York State, nevertheless, on the issue of the convenience of assuming jurisdiction, it would seem that we would have to rely on the French court in any event. Not only is the real property plus some $80,000 in liquid assets located in France, and more than one million dollars in Switzerland in the form of money or its equivalent, but also, it appears that the testator, although an American citizen, was not domiciled here at the time of his death. It is doubtful that an American citizen who abandoned any home in New York and resides in a substantial estate in France, which has been his only home *829 for more than a year next before the time of his death, can still be considered at death a domiciliary of New York. The cited code of France conditioning “ French domicile ” upon five years of residence by an alien, expressly applies for “income tax ” purposes, which have no bearing on probate purposes or convenient forums therefor. The testator’s insubstantial bank accounts in New York State provide, under these circumstances, an insufficient jurisdictional basis (Matter of Wolf, 144 Misc. 256; cf. Matter of Heller-Baghero, 26 N Y 2d 337, 342-343); and his National Security Life Insurance policy for the benefit of his daughter, is not part of his estate, even though the policy is physically located in the State of New York. Moreover, New York State is not a convenient forum wherein to litigate problems of the capacity of the testator to make his 1972 deed of donation which was executed in France, since the witnesses are now in France where the litigation as to its validity is now pending. Even if the French court should come to a different result from what we might decide on the issue of the validity of the deed of donation and of the will and of the antenuptial agreement, it is quite likely that the French decision with respect to the huge Franch assets and the even larger Swiss assets will prevail in Switzerland and France despite any purported decision here.
Martindale-Hubbell Law Directory (1972 ed., vol. 5, p. 3199) states with respect to Franch law:
“French law governs all real property situated in France regardless of the nationality or of the place of death of the decedent.
“As to the personal property of such inheritance French courts usually consider that inheritance status is determined by the law of the last domicile.
“Both principles are subject to special exceptions through international treaties and agreements.”
Even if French law may apply the doctrine of renvoi due to the decedent’s American nationality, the New York forum would still be inconvenient under the circumstances. Moreover, the French litigation is approaching trial, so that any probate litigation here would be substantially simultaneous with, and redundant because of, the proceedings in the French court.
Finally, the protection of the widow, a French national and domiciliary, and the protection of the infant child of the testator and his widow, also domiciled in France with her mother, are primarily the wards of the French laws of inheritance, including election, forced heirship and the effect of antenuptial agree *830 ments, since France appears to be their permanent home (cf. Matter of Clark, 21 N Y 2d 478). If the mother-widow has validly contracted to be bound by her antenuptial agreement which itself specifies that New York law will govern its effect, we will rely upon the French forum to give it the proper effect, especially since the testator removed from this State almost all of his property, and took this widow and infant child to reside in France. He has also chosen, if his will or his deed of donation .is to be given effect, to be more generous than his antenuptial agreement provides. In times like ours of peripatetic families and multinational situses for family property, original protective decisions should be left in doubtful cases to the domicile of the living rather than that of the deceased (cf. Matter of Goldstein, 34 A D 2d 764).
The affidavit of the petitioners for probate, submitted in opposition to this motion, contends that the decedent never intended to change his domicile to France. This contention is made in contradiction of their probate petition which alleges domicile to be in France. In support of the claim of New York domicile, this affidavit recites that in changing the beneficiary of an insurance policy on January 30, 1971, the decedent gave his address as 45-22 162nd Street, Flushing, New York, and that he maintained bank accounts and on his checks represented his address to be 45-22 162nd Street, Flushing, New York. The bank accounts so referred to were maintained at the Flushing branch of the Chase Manhattan Bank, although it is asserted that the passbook of the savings account is at this time in the possession of the bank’s main office in New York County. Attached as an exhibit to the respondent’s affidavit is a letter from the Flushing branch of the Chase Manhattan Bank reporting a balance of $197.11 in the savings account and a balance of $788.29 in the checking account as of October 11, 1972.
These facts, offered in support of a claim of domicile in New York State, indicate only that, if the decedent did not acquire a domicile outside the United States, the only domicile which he could have retained would be in Queens County (Flushing) and not New York County. If this is the fact, exclusive jurisdiction of a probate proceeding rests with the Surrogate’s Court of Queens County (SCPA 206).
Consequently, it is our view that the motion to dismiss the petition for probate should be and hereby is granted, without prejudice to any person who may move to probate the will in a more appropriate forum.